UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED
SDNY PRO SE OFFICE
2016 DEC 28  PM 12: 23
S.D. OF N.Y.

ANTHONY BLUE,

                Plaintiff,

  - against -

CITY OF NEW YORK; GREGORY CARRO;
BRUCE ALLEN; ELLEN BIBEN; FRANCIS
R. AMABILE; ROBERT MONTEMAGNO; J.
Edwards; PATRICIA SCHREIBER; CYRUS
VANCE, JR.; ERICA O'BRIEN, MARRISSA
DARDEN; JAMES BERGAMO; TIMOTHY
DUDA; JOLT MENA; ANDRE WILLIAMS;
DENNY ACOSTA; MICHAEL MORALES;
JANE/JOHN DOE 1-20; Individually
and Severally,

                Defendants.

**16CV 9990**

COMPLAINT

No.

JURY TRIAL
DEMANDED

## COMPLAINT

    Plaintiff, ANTHONY BLUE, hereby appears in this action Pro Se, and request that all papers be served upon, at the addresses below, in this matter.

    Plaintiff, ANTHONY BLUE, complaining of the above defendants, CITY OF NEW YORK, ET AL., collectively referred to as the defendants, upon information and belief alleges as follows:

1 of 24

## NATURE OF THE ACTION

1.   This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statutes, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983, 1985, 1986, and arising under the law and statutes of the State of New York.

## JURISDICTION

2.   The jurisdiction of this Court is invoked under 28 U.S.C. § 1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourteenth Amendment to the Constitution of the United States. Jurisdiction of this court exist pursuant to 42 U.S.C. § 1983 and under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

3.   All causes of action not relying exclusively on the afore-mentioned federal cause of action as a basis of this Court's jurisdiction pursuant to 28 U.S.C. § 1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's Claims under applicable state and City laws.

4. As the deprivation of rights complained of herein occurred within the Southern District of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

SATISFACTION OF THE PROCEDURAL PREREQUISITES FOR SUIT

5. There were no conditions precedent to the filing of this action. Defendants are being sued in thier individual capacities. Plaintiff has filed a sworn written notice of claim and served upon the defendant CITY OF NEW YORK and THE STATE OF NEW YORK in satisfaction of any prerequisites.

6. At least thirty days have elapsed since the service of the above mentioned notices of claims, and settlement or payments of the claims have been neglected and or refused.

7. This action, pursuant to New York State, and City Law has been commenced within the time statutes of the occurrence of the incidents

PARTIES

8. Plaintiff ANTHONY BLUE, currently resides at #15A4723, Clinton Annex Correctional Facility, P.O. Box 2002, Dannemora, New York 12929 in the State of New York.

9. Defendant CITY OF NEW YORK, is a municipality in the State of New York located at, 100 Church St. 5th Fl., New York, N.Y. 10007.

10. Defendants GREGORY CARRO, BRUCE ALLEN, ELLEN BIBEN, FRANCIS R. AMABILE, ROBERT MONTEMAGNO,

J. EDWARDS, PATRICIA SCHREIBER last known location, 100 Centre Street, New York, N.Y. 10013.

11. Defendants CYRUS VANCE JR., ERICA O'BRIEN, LARISSA DARDEN, JAMES BERGAMO, TIMOTHY DUDA, last known address, One Hogan Place, New York, N.Y. 10013.

12. Defendants JOLT MENA, ANDRE WILLIAMS, DENNY ACOSTA, MICHAEL MORALES last known address, 2207 Amsterdam Ave., New York, N.Y.

13. Defendants Jane/John DOE 1-20 addresses currently unknown.

All defendants are presumed to be acting under color of State law. They are being sued individually and severally.

## PREVIOUS LAWSUIT BY PLAINTIFF

14. Plaintiff has filed no other lawsuits dealing with the same facts involved in this action or otherwise relating to his detention.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

15. Plaintiff has no administrative remedies available for the claims herein.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

16. On or about August 28, 2012 plaintiff was illegally imprisoned in the 33rd precinct in New York County by defendants JOLT MENA and Andre WILLIAMS of the N.Y.P.D.

17. On above date plaintiff observed defendants JOLT MENA,

ANDRE WILLIAMS, DENNY ACOSTA and MICHAEL MORALES conspired to deprive plaintiff of his constitutional rights. These defendants agreed individually and amongst themselves to perjured statements, false reports and evidence to be manufactured against plaintiff to justify an illegal arrest. The defendants collectively took overt steps and fowarded false information to the New York County District Attorney's Office without just or probable cause that proceedings against plaintiff could succeed. All the above defendants were aware of the others intentional malicious acts and failed to intervene and prevent injuries to plaintiff.

18. On the above date I overheard speaker phone conversations between defendants CYRUS VANCE JR., ERICA O'BRIEN of the New York County District Attorney's Office and defendants JOLT MENA, ANDRE WILLIAMS, DENNY ACOSTA, MICHAEL MORALES of the New York Police Department, in which defendants CYRUS VANCE JR., and ERICA O'BRIEN advised defendants how and to further falsify documents to subject plaintiff to be charged with false criminal offenses; in addition to, breaking into plaintiff's home and search without a warrant.

19. On or about August 31, 2012 defendant JOLT MENA, at the behest of defendants CYRUS VANCE JR., and ERICA O'BRIEN, ordered DENNY ACOSTA and MICHAEL MORALES to arrest and charge plaintiff with a false charge of possesion of stolen property.

20. On or about September 1, 2012 defendant DENNY ACOSTA released plaintiff before arraignment on the false charges. in Bronx Criminal Court.

21. On or about September 16, 2012 plaintiff filed a complaint to the New York Police Department Internal Affairs Bureau # C12-0656 about defendants JOLT MENA, ANDRE WILLIAMS, DENNY ACOSTA and MICHAEL MORALES misconduct. Neither the Bureau or defendant CITY OF NEW YORK take any investigative steps or disciplinary actions against above defendants.

22. On or about March 13, 2013 plaintiff filed a complaint with the First Judicial Department Disciplinary Committee about the egregious actions of defendants CYRUS VANCE JR. and Erica O'BRIEN. That complaint was never answered.

23. On or about March 25, 2013 defendants CYRUS VANCE JR. and ERICA O'BRIEN retaliated for plaintiff's filing of a complaint against them by committing abuse of process. The defendants mislead defendant FRANCIS R. AMABILE to believe there was an indictment charging plaintiff with a crime on June 5, 2012.

24. On the above date defendant FRANCIS R. AMABILE entered in to public record a false warrant for plaintiff's arrest with no authority to do so or just probable cause.

25. On or about May 15, 2013 defendants JANE/JOHN DOE 1-10 falsely arrested and imprisoned plaintiff at his home in Jacksonville, Florida under the pretext of hauling a fugitive warrant from New York signed by an empowered authority.

26. On or about June 4, 2013 defendants CYRUS VANCE JR. and ERICA O'BRIEN contracted defendants JANE/JOHN DOE of PTS of America to kidnap plaintiff from the

Jacksonville Sheriff's Department and transport plaintiff across state lines to the New York County District Attorney's Office, without a valid warrant or legal process authorizing defendants to do so.

27. On or about June 12, 2013 defendant Andre WILLIAMS falsely arrested and imprisoned plaintiff on a false charge of Burglary, alleged to have happened on June 5, 2012.

28. On or about June 13, 2013 plaintiff was forced into a New York County Supreme Court room by defendants JANE/ JOHN DOE 1-10.

29. On the above date defendant ROBERT MONTEMAGNO called plaintiff's name alleging plaintiff was a defendant in a case brought by defendants CYRUS VANCE JR. and ERICA O'BRIEN. Defendant ROBERT MONTEMAGNO was fully aware that defendants CYRUS VANCE JR. and Erica O'BRIEN did not have complaints, a valid indictment or legal standing to prosecute plaintiff yet defendant assisted these defendants in continuing their malicious prosecution.

30. On the above date plaintiff informed defendant GREGORY CARRO acting as a Supreme Court Justice that the defendants CYRUS VANCE JR. and ERICA O'BRIEN have mislead this court into unwarranted assumption of jurisdiction because there was no complaints or even a valid indictment in the alleged case and that plaintiff should be released.

31. Defendant CARRO asked the defendants ROBERT MONTEMAGNO and ERICA O'BREIN if plaintiff's claim is true. Defendant ERICA O'BREIN stated the people

only have minutes from a grand jury proceeding that they should be good enough to support the charges and hold the plaintiff for trial.

32. Plaintiff requested that defendants present plaintiff with the accusatory instrument and all documents verifying and validating the charges and the legal process by which I am being detaineed. Defendant GREGORY CARRO responded their are none it seems but these are violent felonies I can run consecutively and then ordered defendants JANE/JOHN DOE 1-10 to confine me to the New York City Department of Corrections without bail.

33. Defendants GREGORY CARRO and ROBERT MONTEMAGND were aware that they were acting outside of their scopes of official duties and both neglected to intervene and prevent the plaintiffs violation to due process of law.

34. Between the dates of June 13, 2013 to March 19, 2014 the above defendants forced plaintiff to appear in New York County Supreme Court for the Malicious prosecution in which defendants CYRUS VANCE JR and ERICA O'BRIEN claimed to be the injured parties.

35. On or about March 19, 2014 Plaintiff challenged the defendants GREGORY CARRO and ROBERT MONTEMAGNO jurisdiction and their reasons for violating my rights. Defendant GREGORY CARRO told me I have no rights here and you people don't know enough about the law to ask for them. Plaintiff then asked for defendants rescues from the bogus proceedings because of prejudice.

36. On the above date defendants GREGORY CARRO and ROBERT MONTEMAGNO falsified documents and public records and ordered defendants JANE/JOHN DOE 1-10 to take plaintiff to defendants BRUCE ALLEN and J. EDWARDS for an alleged evidence hearing on a dismissed and sealed case.

37. On the above date plaintiff once again informed the defendants BRUCE ALLEN and J. EDWARDS that this alleged case is a false malicious prosecution, that there are no complaints or a valid indictment, thus the court has no subject matter jurisdiction. Defendants CYRUS VANCE JR. and ERICA O'BRIEN told defendants that that is irrelevant at the moment and that defendants GREGORY CARRO and ROBERT MONTEMAGNO sent the case here for an evidence hearing.

38. Plaintiff demanded to see the accusatory instruments and all defendants refused to produce stating that they all seen it, that it is in the files.

39. On or about March 20, 2014 defendants BRUCE ALLEN and J. EDWARDS forced plaintiff to appear at a bogus hear in the malicious prosecution in which defendants CYRUS VANCE JR., ERICA O'BRIEN and MARISSA DARDEN appeared and claimed to be the plaintiffs in the alleged criminal prosecution. The above defendants called defendants JOLT MENA and ANDRE WILLIAMS to give false testimony and evidence in an attempt to deprive plaintiff of a fair trial, if the proceeding was to be believed as legal.

40. On or about June 2014 in an attempt to avoid supervisory liability and an investigation by the Official Corruption Unit of New York County, defendant CYRUS VANCE JR. removed defendant ERICA O'BRIEN from the New York County District Attorneys office. Defendant CYRUS VANCE JR. then ordered defendants JAMES BERGAMO and TIMOTHY DUDA to continue with the fraudulent malicious prosecution against plaintiff.

41. On or about July 28, 2014 defendants JAMES BERGAMO and TIMOTHY DUDA appeared in New York County Supreme Court and alleged to be plaintiffs in the malicious prosecution against plaintiff. Plaintiff again requested the accusatory instruments and all supporting affidavits. Defendants BRUCE ALLEN and J. EDWARDS stated there are no formal complaints but we found what appears to be an indictment. Defendant J. EDWARDS copied and altered the document stating it is a valid copy of what was in the folder that defendants GREGORY CARRO and ROBERT MONTEMAGNO gave him. All defendants were aware of the fraud and neither intervened to prevent the further violation of plaintiffs rights.

42. On or about September 14, 2014 the malicious prosecution for stolen property initiated by defendants DENNY ACOSTA and MICHAEL MORALES was dismissed and sealed for decline to prosecute, in defendants favor.

43. On or about April 5, 2015 defendants BRUCE ALLEN and J. EDWARDS released plaintiff from

detention and false imprisonment. Defendants further threatened plaintiff with subsequent detention if plaintiff did not continue to appear for proceedings in the malicious prosecution for the crime alleged on June 5, 2012.

44. On or about October 1, 2015 defendants BRUCE ALLEN and J. EDWARDS declined to continue the malicious prosecution and defendants ELLEN BIBEN and PATRICIA SCHREIBER took over. Plaintiff once again informed defendants ELLEN BIBEN and PATRICIA SCHREIBER that the defendants CYRUS VANCE JR, JAMES BERGAMO and TIMOTHY DUDA initiated a false malicious prosecution and they are not the plaintiffs; in addition to, to their being no legal process for warrant of jurisdiction. Defendant ELLEN BIBEN stated the case was transferred to her courtroom for a trial and that's what we intend to do, with or without an indictment. Defendant ELLEN BIBEN went on to threaten me that the trial will go on without me and I will be imprisoned anyway. Defendant PATRICIA SCHREIBER being fully aware of the violations to plaintiffs rights continued to organize trial proceedings.

45. On or about October 13, 2015 defendants ELLEN BIBEN and PATRICIA SCHREIBER conspired with defendants CYRUS VANCE JR, JAMES BERGAMO and TIMOTHY DUDA and agreed to deprive plaintiff of a fair trial by allowing tampered evidence and testimony they knew was false from defendants JOLT MENA, ANDRE WILLIAMS and DENNY ACOSTA to be heard by a false constituted jury.

46. On or about October 15, 2015 an illegally Constituted jury found plaintiff not guilty of Burglary allegedly committed on June 5, 2012, ending the malicious prosecution initiated by defendants CYRUS VANCE JR and ERICA O'BRIEN and continued by all defendants above.

47. At no time prior to or during the above events was there probable or arguably cause to arrest the plaintiff and imprisoned to be forced in to a trial.

48. All the above defendants intentionally, maliciously, recklessly and in bad faith gave false statements, failed to file accurate legal documents, acted individual and collectively outside of scope of their employments to engage in the misconduct described herein.

49. The actions of all defendants, acting under color of State law deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular, the right to due process.

50. By these actions, defendants have deprived plaintiff of rights secured by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

51. This action has been commenced within the time limits of happening of the events upon which the claim is based.

AS A FIRST CAUSE OF ACTION: AGAINST DEFENDANTS GREGORY CARRO; BRUCE ALLEN; FRANCIS R. AMABILE; JOLT MENA; ANDRE WILLIAMS; DENNY ACOSTA;

MICHAEL MORALES; JANE/JOHN DOE 1-10 FALSE ARREST
AND FALSE IMPRISONMENT UNDER 42 U.S.C. § 1983/ NEW
YORK STATE LAW

52. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 51 of this complaint as though fully set fourth herein.

53. The defendant Francis R. AMABILE acted outside of her official duties by filing a warrant for plaintiff's arrest without just or probable cause or legal process or authority to do so.

54. The defendants JOLT MENA, ANDRE WILLIAMS, DENNY ACOSTA, MICHAEL MORALES and JANE/JOHN DOES 1-10 arrest, detention and imprisonment on May 15, 2013, June 7, 2013, June 13, 2013 and August 31, 2012 of plaintiff was without just or probable cause, a valid warrant or legal process directing or authorizing plaintiff's arrest or subsequent detention.

55. The defendants JOLT MENA, ANDRE WILLIAMS, DENNY ACOSTA and MICHAEL MORALES were acting within the scope of their employment to defendant CITY OF NEW YORK.

56. The defendants GREGORY CARRO and BRUCE ALLEN acted outside of scope official capacity and jurisdiction by directing JANE/JOHN DOE 1-10 to arrest, imprison and continue detention of plaintiff, without just or probable cause or legal process to do so.

57. All the above defendants individual and acting in concert outside of their official capacities intentionally or caused the plaintiffs false arrest and false imprisonment, for which plaintiff was conscious of and did not consent, because it was not

privileged.

58. As a result of plaintiffs false arrest and imprisonment, I have been caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know me, was prevented from attending to my necessary affairs, and have been caused to incur legal expenses, and have been otherwise damaged in my character and reputation.

59. Consequently, I have been injured; in addition to, being deprived of my fourth, fifth, sixth and fourteenth amendment constitutional rights, and hereby demand compensatory, equitable, exemplary, nominal damages in the amount of $1,500,000, fines and imprisonment of 1 to 10 years pursuant to 18 U.S.C. A § 242 or amounts to be proven at trial against each of the defendants individually and severally.


AS A SECOND CAUSE OF ACTION: AGAIST ALL DEFENDANTS MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983/NEW YORK STATE LAW

60. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 59 of this complaint as though fully set forth herein.

61. The defendants JOLT MENA, ANDRE WILLIAMS, DENNY ACOSTA and MICHAEL MORALES commencement and continued prosecution of false criminal proceedings on August 31, 2012 and June 12, 2013 were committed by or at the insistence of defendants without probable cause or legal justification, and with malice.

62. The defendants CYRUS VANCE JR, ERICA O'BRIEN, JAMES BERGAMO, MARRISSA DARDEN and TIMOTHY DUDA commencement and continued prosecution as plaintiffs in the fake criminal proceeding initiated on March 25, 2013 against plaintiff was committed by or at the instance of defendants without probable cause or legal justification, and with malice.

63. The defendants GREGORY CARRO, BRUCE ALLEN, ELLEN BIBEN, ROBERT MONTEMAGNO, J. EDWARDS and PATRICIA SCHREIBER continued the malicious prosecution against plaintiff without probable cause, jurisdiction or legal justification, and with malice.

64. All of the above defendants were directly involved in the initiation and continuation of the fraudulent criminal proceedings against plaintiff.

65. The defendants JOLT MENA, ANDRE WILLIAMS, DENNY ACOSTA, MICHAEL MORALES, FRANCIS R. AMABILE, ERICA O'BRIEN and CYRUS VANCE JR. lacked probable cause it initiate and continue criminal proceedings on August 31, 2012, March 25, 2013 and June 12, 2013 against plaintiff.

66. All of the above defendants acted individually and in concert outside of their offical duties, with malice

66. All of the above defendants lacked probable cause and jurisdiction in intiating and continuing criminal proceedings against plaintiff.

67. All of the above defendants acted negligently and with malice.

68. The defendants JOLT MENA, ANDRE WILLIAMS, DENNY ACOSTA and MICHAEL MORALES misrepresented and falsified evidence to defendants CRYUS VANCE JR., ERICA O'BRIEN, JAMES BERGAMO,

MARRISA DARDEN and TIMOTHY DUDA though out all phases of the fraudulent criminal proceedings.

69. The defendants CYRUS VANCE JR., ERICA O'BRIEN, MARRISSA DARDEN, JAMES BERGAMO and TIMOTHY DUDA misrepresented and falsified documents to defendants FRANCIS R. AMABILE, GREGORY CARRO, ROBERT MONTEMAGNO, BRUCE ALLEN, J. EDWARDS, ELLEN BIBEN, PATRICIA SCHRIEBER through out all phases of the fraudulent criminal proceedings.

70. The defendants GREGORY CARRO, ROBERT MONTEMAGNO, BRUCE ALLEN, J. EDWARDS, ELLEN BIBEN and PATRICIA SCHRIEBER had full knowledge that the charges made against plaintiff were false, untrue and without legal process, yet intentionally and with malice continued to proceed in absence of all jurisdiction.

71. The false criminal judicial proceeding initiated ^August 31, 2012 against plaintiff by defendants JOLT MENA, DENNY ACOSTA and MICHAEL MORALES was dismissed on September 11, 2014, and terminated in the plaintiff's favor.

72. The false criminal judicial proceedings initiated March 25, 2013 and June 12, 2013 against plaintiff by defendants CYRUS VANCE JR., ERICA O'BRIEN and ANDRE WILLIAMS ended in an illegally constituted jury verdict of not guilty on October 15, 2015, and terminated in plaintiff's favor.

73. All of the above defendants acted under pretense and color of state law, in and outside of thier individual and official capacities of the scope of their respective employments. Said acts by all defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their

powers, and said defendants acted willfully, knowingly and with the specific intent to injure and deprive the plaintiff of his constitutional rights listed above.

74. As a direct and proximate result of all of the above defendants misconduct, I have been injured mentally and physically, caused to incur legal expenses; in addition to, be deprived of my fourth, fifth, sixth and fourteenth amendments constitutional rights, and hereby demand compensatory, exemplary, nominal, equitable, damages in the amount of $1,500,000, fines and imprisonment of 1 to 10 years pursuant to 18 U.S.C.A § 242 or amounts to be proven at trial against each of the defendants individually and severally.

AS A THIRD CAUSE OF ACTION: AGAINST JOLT MENA, ANDRE WILLIAMS, DENNY ACOSTA, MICHAEL MORALES, CYRUS VANCE JR., ERICA O'BRIEN, MARRISSA DARDEN, JAMES BERGAMO and TIMOTHY DUDA DENIAL OF A RIGHT TO A FAIR TRIAL UNDER 42 U.S.C. § 1983 DUE TO THE FABRICATION/FALSIFICATION OF EVIDENCE AND FAILURE TO BRING PROPER INDICTMENT AGAINST ACCUSSED PLAINTIFF

75. By this reference, plaintiff incorporates each and every allegation and averment set fourth in paragraphs 1 through 74 of this complaint as though fully set forth herein.

76. The defendants JOLT MENA, ANDRE WILLIAMS, DENNY ACOSTA, MICHAEL MORALES, CYRUS VANCE JR., ERICA O'BRIEN were investigative officials in malicious prosections intiated August 31, 2012, March 25, 2013 and June 13, 2013.

76. All of the above defendants fabricated false evidence to

influence a jury's decision.

77. The defendant JOLT MENA, ANDRE WILLIAMS, DENNY ACOSTA and MICHAEL MORALES forwarded false evidence and information to the prosecutors in the New York County District Attorneys Office.

78. The defendants CYRUS VANCE JR., ERICA O'BRIEN, MARRISSA DARDEN, JAMES BERGAMO and TIMOTHY DUDA forwarded false evidence and false evidence to the New York County D.A.'s Office and the New York State Supreme Court to influence a jury.

79. The plaintiff suffered a deprivation of liberty as a result of the above defendants misconduct.

80. All of the above defendants were directly involved in the initiation of the false criminal proceedings against the plaintiff.

81. All of the above defendants lacked probable cause to initiate the false criminal proceedings against the plaintiff.

82. All of the above defendants acted with malice in continuing criminal proceedings against the plaintiff.

83. All of the above defendants misrepresented and falsified evidence throughout all phases of the false criminal proceeding.

84. The defendants CYRUS VANCE JR., ERICA O'BRIEN, MARRISSA DARDEN, JAMES BERGAMO and TIMOTHY DUDA alleged to be plaintiffs in the false criminal proceedings and forwarded false statements of having an indictment to initiate a criminal proceeding against plaintiff.

85. The above defendants never obtained an indictment to charge plaintiff or inform of the nature and cause of the false charges.

86. By creating false evidence, false statements against the

plaintiff; forwarding false evidence and statements to the prosecutors and courts; and by providing false evidence and statements throughout the false criminal proceedings and trial, each defendant violated the plaintiff's constitutional right to a fair trial under the Due Process Clause of the fifth, Sixth, and fourteenth Amendments to the United States Constitution.

87. All of the above defendants acted under pretense and color of state law, in and outside of their individual and official capacities of the scope of their respective employments. Said acts by all defendants were beyond the scope of their juris-diction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly and with the specific intent to injure and deprive the plaintiff of his con-stitutional rights listed above.

88. As a direct and proximate result of the above defendants misconduct, I have been injured mentally and physically, caused to incur legal expenses; in addition to, being deprived of my constitutional rights listed above, and hereby demand compen-satory, exemplary, nominal, equitable, damages in the amount of $1,500,000, fines and imprisonment of 1 to 10 years pursuant to 18 U.S.C.A. § 242 or amounts to be proven at trial against each of the defendants individually and severally.


AS A FOURTH CAUSE OF ACTION: AGAINST ALL DEFENDANTS
CONSPIRACY UNDER 42 U.S.C. § 1985 / NEW YORK STATE LAW

89. By this reference, I incorporate each and every allegation and averment set forth in paragraphs 1 through 88 of this

complaint as though fully set forth here in.

90. Defendants JOLT MENA, ANDRE WILLIAMS, DENNY ACOSTA and MICHAEL MORALES of the New York City Police Department conspired with defendants CYRUS VANCE JR., ERICA O'BRIEN, MARRISSA DARDEN, JAMES BERGAMO and TIMOTHY DUDA of the New York County District Attorney's Office and agreed individually and in concert to falsify statements, evidence, affidavits and information on August 28, 31, 2012; March 25, 2013; June 12, 13, 2013; March 20, 2014 and October 13, 14, 2015, and took overt steps to foward false information to deprive plaintiff of his fourth, fifth and fourteenth constitutional rights by illegally searching plaintiff's home and illegally arresting plaintiff without probable cause or legal process to do so, and intitiating a false malicious prosecution.

91. Defendants CYRUS VANCE JR., ERICA O'BRIEN, MARRISSA DARDEN, JAMES BERGAMO and TIMOTHY DUDA conspired with defendants Francis R. AMABILE, GREGORY CARRO, ROBERT MONTEMAGNO, BRUCE ALLEN, J. EDWARDS, ELLEN BIBEN and PATRICIA SCHREIBER and agreed individually and in concert to falsify information amongst themselves to deprive plaintiff of his fourth, fifth, sixth and fourteenth amendments to the United States Constitution, and took overt steps to false arrest, false imprison and maliciously prosecute plaintiff between the dates of March 25, 2013 and October 15, 2015.

92. All of the defendants acted under pretense and color of state law, in and outside of their individual and official capacities of the scope of their respective employments. Said acts by all

defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly and with the specific intent to injure and deprive the plaintiff of his constitutional rights listed above.

93. As a direct and proximate result of the above defendants misconduct, I have been injured mentally and physically, caused to incur legal expenses; in addition to, being deprived of my constitutional rights listed above, and hereby demand compensatory, exemplary, nominal, equitable, damages in the amount of $1,500,000, fines and imprisonment of 1 to 10 years pursuant to 18 U.S.C.A. § 242 or amounts to be proven at trial against each of the defendants individually and severally.

AS A FIFTH CAUSE OF ACTION: AGAINST ALL DEFENDANTS FAILURE TO INTERVENE UNDER 42 U.S.C. 1983/ LIABILITY UNDER 42 U.S.C. § 1986/ NEW YORK STATE LAW

94. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 93 of this complaint as through fully set forth herein.

95. All of the above defendants had an affirmative duty to intervene on plaintiff's behalf to prevent the injuries and violations to plaintiff's fourth, fifth, sixth and fourteenth amendment rights of the United States Constitution, despite having having had a realistic and reasonable opportunity to do so.

96 All of the above defendants had knowledge of all wrongs conspired to, to deprive plaintiff of his constitutional rights mentioned above, and had the power to prevent the

the commission of said acts, but instead neglected and refused to do so, which such person by reasonable diligence could have prevented, and thus all defendants are liable to plaintiff for damages.

97. The defendants JOLT MENA, ANDRE WILLIAMS, DENNY ACOSTA and MICHAEL MORALES were the actual agents of the defendant CITY OF NEW YORK and were following the customs, practices, ordinances and/or regulations of the City of New York when they violated plaintiff's rights, and the defendant CITY OF NEW YORK is therefore responsible for their acts, and liable to the plaintiff for the damages he suffered.

98. The defendants ERICA O'BRIEN, MARRISSA DARDEN, JAMES BERGAMO and TIMOTHY DUDA were the actual agents of the defendant CYRUS VANCE JR. and were following the customs, practices, ordinances and/or regulations of the New York County District Attorney's Office when they violated plaintiff's rights, and the defendant CYRUS VANCE JR. is therefore responsible for their acts, and liable to the plaintiff for the damages he suffered.

99. All of the above defendants acts were intentional, malicious, unwarranted and in violation of the law.

100. All of the above defendants acted under pretense and color of State law, in and outside of their individual and official capacities of the scope of their respective employments. Said acts by all defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly and with the specific intent to injure and deprive the plaintiff of his constitutional rights listed above.

101. As a direct and proximate result of the above defendants

misconduct, I have been injured mentally and physically, caused to incur legal expenses; in addition to, being deprived of my constitutional rights listed above, and hereby demand compensatory, exemplary, nominal, equitable, damages in the amount of $1,500,000, fines and imprisonment of 1 to 10 years pursuant to 18 U.S.C.A. § 242 or amounts to be proven at trial against each of the defendants individually and severally.

## RELIEF

WHEREFORE, plaintiff prays for judgment in his favor and damages, fines and imprisonment in his favor against all defendants in an amount sufficient to punish defendants and compensate plaintiff for the pain and mental anguish suffered due to the deliberate indifference and intentional misconduct of all defendants, in no event less than $1,500,000 and for as follows:

102. For compensatory damages against all defendants in an amount to be proven at trial;

103. For exemplary damages against all defendants in an amount to be proven at trial;

104. For nominal damages against all defendants in an amount to be proven at trial;

105. For equitable damages against all defendants in an amount to be proven at trial;

106. For fines and imprisonment against all defendants in an amount to be proven at trial;

107. For such other and further relief as the court deems proper.

I declare under penalty of perjury that the foregoing is true and correct, signed this 21st day of December, 2016.

Anthony Blue

#15A4723

Clinton Annex Corr Facility

P.O. Box 2002

Dannemora, N.Y. 12929

I declare under penalty of perjury on this 22nd day of December, 2016, I am delivering this complaint to prison authorities to be mailed to the Pro Se Office of the United States District Court for the Southern District of New York.

Anthony Blue

Plaintiff

#15A4723
Clinton Annex Corr. Facility
P.O. Box 2002
Dannemora, N.Y. 12929

RECEIVED
SDNY PRO SE OFFICE

2016 DEC 28  PM 12: 23

S.D. OF N.Y.



Clinton

Correctional Facility

NEOPOST
12/23/2016
US POSTAGE $002.05⁰

ZIP 12929
041M11274229



USM P3
SDNY

United States District Court
Southern District of New York
Pro Se Office # 230

500 Pearl Street
New York, N.Y. 10007