SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 45
------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK

      -against-                                                            Ind. No. 1402/13

ANTHONY BLUE,
                Defendant.
------------------------------------------x

For the People: James Bergamo
Anthony Blue, pro se
Eugene Nathanson, legal adviser
JUSTICE BRUCE ALLEN:

      The defendant has moved to suppress evidence taken from his cell phone. In a decision dated April 3, 2014, this court held that recovery of the cell phone itself was legal pursuant to a valid search incident to the defendant's arrest. The evidence at issue in this motion was extracted frm the phone pursuant to a search warrant signed by Justice Abraham Clott on September 5, 2012. The warrant authorize searches of both the cell phone recovered from Mr. Blue and a cell phone recovered from the co-defendant, Carnona Puello. This defendant has standing to challenge the search of his own cell phone.

      As the defendant contends, the fact that he was in possession of the phone when arrested does not authorize officers to conduct a warrantless search of its contents. <u>Riley v. California</u>, 134 S.Ct. 2473. However, he cites no facts in support of his allegation that the officers did conduct any such search before obtaining the warrant.

      A warrant is authorized upon a showing that there is probable cause to believe that evidence of criminal activity will be found in the place to be searched. <u>People v. Tambe</u>, 71 NY2d 492. It does not have to be restricted to evidence regarding the specific crime with which

defendant is charged.

      Here, Detective Williams's supporting affidavit gave probable cause to believe that the defendant and Puello were acting together to carry out a burglary on the date of the arrest. In conjunction with the earlier warrant to search defendant's vehicle, which was incorporated by reference, the affidavit gave probable cause to believe that the two men had carried out additional burglaries in the area in the preceding months. The cell phones were likely to contain evidence of these activities in the form of communications between the two men. When read reasonably, rather than in a hypertechnical manner, the warrant was aimed at evidence relating to the suspected burglaries, and thus was not overbroad. People v. A.S. Goldman, Inc., 9 AD3d 283 (1st Dept 2004).

      Accordingly, the motion to controvert the warrant and suppress the evidence recovered thereunder is denied.

March 18, 2015