UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

ANTHONY BLUE,

Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

Defendants.

DECLARATION OF
ANTHONY BLUE IN
OPPOSITION OF
DEFENDANTS' MOTION
TO DISMISS

No. 16-CV-9990 (VSB)

ANTHONY BLUE, declares, pursuant to 28 U.S.C. § 1749, under penalty of perjury, that the following is true and correct:

1.     I am the plaintiff in above captioned action. As such, I am familiar with the facts stated below and submit this declaration to place the relevant documents on the record in support of my opposition of defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6).

2.     Annexed hereto as Exhibit "A" is a copy of a Decision by Hon. Bruce Allen, Justice of the Supreme Court, County of New York, State of New York, dated September 8, 2014.

3.     Annexed hereto as Exhibit "B" is a copy of un-altered Indictment Cover sheet manufactured by defendant.

4.     Annexed hereto as Exhibit "C" is a copy of Altered Indictment manufactured by defendants.

5.     Annexed hereto as Exhibit "D" is a copy of the disposition to the August 27, 2012 incident dated March 13, 2013.

6.     Annexed hereto as Exhibit "E" is a copy of an unauthorized alleged grand jury warrant.

1

7.    Annexed here to as Exhibit "F" is a copy of letters from defendants CYRUS VANCE, JR. and ERICA O'BRIEN's office.

8.    Annexed here to as Exhibit "G" is a copy of letters from the clerk of court. and defendant's office

9.    Annexed here to as Exhibit "H" is a copy of clerk record of trial.

10.    Annexed here to as Exhibit "I" copy of amended complaint.

Dated : Dannemora, New York
         June 23, 2017

                                    Anthony Blue
                                    Anthony Blue, Plaintiff
                                    # 15A4723
                                    P. O. Box 2002
                                    Dannemora, N.Y. 12929

RECEIVED
SDNY DOCKET UNIT

2017 JUL -6  AM 10: 29

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY  BLUE
Plaintiff,


-against-


THE CITY OF NEW YORK, et. al,
Defendants.


MEMORANDUM OF LAW
IN  SUPPORT OF ANTHONY BLUE'S MOTION IN
OPPOTION TO DEFENDANTS' MOTION
TO DISMISS PURSUANT TO
FEDERAL RULE 12(b)(c)


16 Civ. 9990 (VSB)


ANTHONY  BLUE
Plaintiff
#15A4723
Box 2002
Dannemora, New York 12929

TABLE OF CONTENTS

Statement of Facts _____ 2

Procedural History _____

Standard of Review _____ 2

Argument _____ 3

   I.   PLAINTIFF IS NOT SUING DEFENDANTS CYRUS VANCE, JR
        and ERICA O'BRIEN IN THEIR OFFICIAL CAPACITIES, THE
        ELEVENTH AMENDMENT BAR IS NOT A VIABLE DEFENCE IN
        IN THIS ACTION. _____ 3

   II.  THE ELEVENTH AMENDMENT DOES NOT BAR DAMAGES
        AGAINST STATE OFFICIALS SUED IN THEIR PERSONAL
        OR INDIVIDUAL CAPACITIES. _____ 4

   III. PLAINTIFF HAS PLAUSIBLY STATED CLAIMS UNDER
        42 U.S.C. § 1983 AND STATE LAW. _____ 6

        A. There was no probable cause for malicious prosecution
           and it was terminated in plaintiff's favor. _____ 6
        B. Plaintiff was denied his right to a fair trial _____ 9
        C. Plaintiff has plausibly alleged a conspiracy between
           defendants _____ 10
        D. Plaintiff has plausibly alleged the claim of failure
           to intervene _____ 11

Conclusion _____ 12

TABLE OF AUTHORITIES

FEDERAL CASES

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

ANTHONY BLUE,

                    Plaintiff,                    Jury Trial Demanded

                                                  No. 16-CV-9990 (VSB)

        -against-

THE CITY OF NEW YORK, et al.,

                    Defendants.


## MEMORANDUM OF LAW IN OPPOSITION
## OF DEFENDANTS' MOTION TO DISMISS

Plaintiff, Anthony Blue, respectfully submit this memorandum of law in opposition of defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6)


## PRELIMINARY STATEMENT

On March 25, 2013 defendants CYRUS VANCE, JR. and ERICA O'BRIEN filed a false indictment manufactured by them with a clerk of court initiating illegal proceedings against plaintiff that were dismissed in plaintiff's favor. I brought this law suit under 42 U.S.C. § 1983; 1985 and 1986. Defendants intends to amend complaint simultaneously with this motion.

Defendants have moved for a motion to dismiss arguing (i) The Eleventh Amendment bars plaintiff's official-capacity § 1983 claims against DA Vance and ADA O'Brien (ii) Absolute prosecutorial immunity bars plaintiff's individual-capacity § 1983 claims against

DA Vance and ADA O'Brien (iii) Immunities aside, plaintiff fails to state a claim under § 1983 i.e. a. malicious prosecution not terminated in favor; b. denial of right to a fair trial c. fails to state a conspiracy claim; d. fail to state failure to intervene. Defendants are wrong on both the law and the facts.

First, plaintiff is not suing defendants CYRUS VANCE, Jr. and Erica O'Brien in their official capacities, but personally

Secondly, the eleventh amendment does not bar damages against state officials sued in their personal or individual capacities.

Finally, Plaintiff has alleged in the complaint and in his subsequent amended complaint all conditions required, alleging state law claims of malicious prosecution under § 1983.


## STATEMENT OF FACTS

For a complete statement of the relevant and undisputed facts, the Court is respectfully referred to Plaintiff's Declaration pursuant to Rule 56(c) dated June 23, 2017 (herein after "Plan Dec, Ex''.''), submitted concurrently herewith.


## STANDARD OF REVIEW

In reviewing a motion to dismiss, this court must accept the factual allegations set forth in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. see Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996). A complaint may not be dismissed under Fed. R. Civ. P. 12(b)(6) unless it "appears

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir. 1998) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S.Ct. 99 (1957). In other words, the issue before this Court on a motion to dismiss "is not whether ... plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995) (citation omitted), cert. denied, 519 U.S. 808, 136 L. Ed. 2d 14, 117 S.Ct. 50 (1996). Moreover, where, as here, plaintiff is proceeding pro se, his complaint and supporting papers must be read "liberally" and interpreted to "raise the strongest argument that they suggest." Soto v. Walker, 44 F.3d 169, 173 (2d Cir. 1995) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). "However, assessment of credibility, conflicting versions of events, and weight to be assigned to evidence are for the jury, not the court." see Anderson v. Liberty Lobby, 477 U.S. 242, 250-255; 106 S.Ct. 2505, 91 L. Ed. 2d 202 (1986).

## ARGUMENT

I.   PLAINTIFF IS NOT SUING DEFENDANTS CYRUS VANCE, JR. and ERICA O'BRIEN IN THEIR OFFICIAL CAPACITIES, THE ELEVENTH AMENDMENT BAR IS NOT A VIABLE DEFENCE IN THIS ACTION.

"A claim for damages against state officials in their official capacity is considered to be a claim against the state and is there-

3

fore barred by the Eleventh Amendment." Davis v. New York, 316 F.3d 93, 101 (2d Cir. 2002)(citation omitted)

Here, defendants argue that in plaintiff's complaint: Compl., ¶¶ 68-73, 86-87, 91-92, 98-100, that plaintiff has sued CYRUS VANCE, JR. and ERICA O'BRIEN in their official capacities. Defendants misunderstood Plaintiffs complaint ¶ 73. Plaintiff meant and should have been more specific as to the defendants CYRUS VANCE, JR. and ERICA O'BRIEN acted outside of their official capacities and defendant officers acted inside their official capacities. Plaintiff is resubmitting and serving an amended complaint to clarify his claim. see Plan Dec, Ex. "I"

Further, Plaintiff is suing all defendants in their individual capacities and is not seeking monetary compensation from CYRUS VANCE, JR and ERICA O'BRIEN but fines and imprisonment pursuant to 18 U.S.C.A. § 242 and whatever relief the court or a jury deems appropriate, in their individual/personal capacities.

For the reason stated above the defendants motion to dismiss should be denied.


II.    THE ELEVENTH AMENDMENT DOES NOT BAR DAMAGES
       AGAINST STATE OFFICIALS SUED IN THEIR PERSONAL
       OR INDIVIDUAL CAPACITIES.


Eleventh Amendment does not bar damages actions against State officials sued in their personal or individual capacities see Hafer v. Melo, 502 U.S. 21, 27-31, 112 S.Ct. 358, 116 L.Ed. 2d 301 (1991)

"A quasi-judicial officer, such as a prosecuting attorney,

who acts outside the scope of his jurisdiction and without authorization of law, cannot shelter himself from liability by the plea that he is acting under color of office." Lewis v. Brautigam, 227 F.2d 124, 129 (5th Cir. 1955) "An official's entitlement to absolute immunity from a claim for damages," however, "does not bar the granting of injunctive relief." Dorman v. Higgins, 821 F.2d 133, 139 (2d Cir. 1987) see e.g. Pulliam v. Allen, 466 U.S. 522, 536-37, 104 S.Ct. 1970, 80 L.Ed. 565 (1984); Hili v. Sciarrotta, 140 F.3d 210, 215 (2d Cir. 1998); Heimbach v. Village of Lyons, 597 F.2d 344, 347 (2d Cir. 1979), or of other equitable relief.

Here defendants argue that their motion to dismiss should be granted because defendants acted within the function of a prosecutor and that they are entitled to absolute immunity. Defendants do not state what function they were acting in when the conducted their fraudulent misconduct. Absolute immunity does not cover all roles of a prosecutor. Defendant further mistates the allegations of plaintiff are conclusory and meritless and fall within the realm of absolute immunity, because plaintiff alleges defendants caused him to be charged or indicted by submitting fabricated evidence to a grand jury, failing to intervene, while conspiring with others to deprive him of constitutional rights as an attempt to circumvent defendant's absolute immunity. Plaintiff has and is specifically alleging in his complaint and amended complaint, Plan, Dec, Ex "I" that the defendants conspired and advised defendant ANDRE WILLIAMS to falsify documents and evidence, forward it to them and to arrest me on false charges and that defendants CYRUS VANCE JR. and ERICA O'BRIEN manufactured a fraudulent indictment and

5

mislead a court into false jurisdiction to hold proceedings against plaintiff, and all defendants presented false evidence to a jury. The conduct alone of falsify a document of constitutional dimension to initiate and continue a prosecution without subject matter jurisdiction is in no way connected to any roles of a prosecutor as an investigator, administrator or advocate. The defendants have no objective reasonability to believe their actions were lawful. These actions constitute fraud and abuse of process and fall within the realm of title 18 U.S.C.A. § 242.

For the reason stated above the defendants motion to dismiss should be denied.

III    PLAINTIFF HAS PLAUSIBLY STATED CLAIMS UNDER
       42 U.S.C. § 1983 AND STATE LAW.

A.     There was no probable cause for malicious prosecution
       and it was terminated in plaintiffs favor.

A claim for malicious prosecution requires proof of five elements: "(1) the initiation or continuation of a criminal proceeding against plaintiff (2); termination of the proceedings in plaintiff's favor; (3) lack of probable cause for commencing the proceedings; (4) actual malice as a motivation for defendant's actions; (5) deprivation of liberty post-arraignment. Manganiello v. City of New York, 612 F.3d 149, 160-161 (2d Cir. 2010)

Here Defendants argue that their motion to dismiss should be granted because the existence of probable cause, which is an

6

absolute defense to a claim of malicious prosecution, because plaintiff was indicted.

As alleged in plaintiff's complaint the defendants CYRUS VANCE, JR. and ERICA O'BRIEN manufactured a fraudulent indictment and used it to mislead a court clerk to believe it was authentic. This clerk without authority of a court issued and signed an alleged grand jury warrant for defendant and another to be returned to her court Part 32. see Plan. Dec. Ex. "E". This court nor any other impaneled a grand jury nor did a grand jury appear in open court to file an indictment charging plaintiff with the crime he was aquitted. Defendants refuse to provide plaintiff with proof that the document they gave plaintiff a year later. see Plan. Dec. Ex. "B" was authentic. What plaintiff requested was public records i.e. a copy of transcripts of a grand jury appearing in court to present an indictment charging plaintiff, a copy of a time dated stamped reciept indictment filed by a county court clerk, clerk notes of a grand jury foreman filing of an indictment against plaintiff, a backer signed by the district attorney and grand jury foreman, grand jury vote sheet etc... The same request was made to the clerk of court, who stated that the documents are secret. see Plan. Dec. Ex. "G". Fiction begets ficition, The defendants have only produced a hearsay indictment and hearsay statements of a judge claiming to have read grand jury minutes he feels supports the charges.

Aside from that, plaintiff has plausibly alleged a malicious prosecution claim.

First, defendants have initiated several proceedings

7

against plaintiff, on August 27, 2012, August 28, 2012, August 31, 2012, March 25, 2013 and June 12, 2013. see Plan. Dec. Ex. " ", ¶¶ 14-25, 27-28, 34-39, 40-41. Cook v. Sheldon, 41 F. 3d 73, 79 (2d Cir. 1994) ("troopers commenced a criminal proceeding against plaintiff by formally charging ... and having him arraigned before the town justice.")

Second, the cases where dismissed and sealed in plaintiff favor. The defendants claim the June 5, 2012 incident in which plaintiff was aquitted is not a favorable termination because they sucessfully prosecuted 5. In Janetka v. Dade, 892 F. 2d 187 (2d Cir. 1989) the Court of Appeals for the Second Circuit held that a plaintiff whom a jury found not guilty of resisting arrest, but guilty of disorderly conduct nonetheless could bring a common law malicious prosecution claim. " Janetka was charged with two distict offenses involving distict allegations."

Third, the defendants lacked probable cause for commen- ing any of the proceedings, especially the last, there were no felony complaints see Plan. Dec. Ex " " and no grand jury action giving subject matter jurisdiction to try plaintiff see "People ex rel., Battista v. Christian, 249 N.Y. 314, 319-321. (Until the grand jury has acted, no court can aquire jurisdiction to try the charge ... any conviction thereafter obtained would be a nullity." see also Frisbie v. United States, 157 U.S. 160, 163-164 (1895).

Fourth, the defendants commenced the actions against plaintiff with improper motives other than a desire to see the ends of justice served. The defendant ANDRE WILLIAMS only wanted to close cases and cover up an illegal arrest. The defendants

CYRUS VANCE, JR. and ERICA O'BRIEN just wanted to increase their counties conviction rate and get revenge against plaintiff for filing complains against them. "Malice does not have to be actual spite or hatred, but means that the defendant must have commenced the criminal proceedings due to wrong or improper motive, something other than a desire to see the end of justice served." Lowth v. Town Checktowaga, 82 F.3d 563, 573 (2d. Cir. 1996) A jury could conclude defendants acted with malice.

Finally, plaintiff suffered a significant amount of post arraignment deprivation of liberty in all of the proceedings ranging from 8 days to 22 months. Sassower v. City of White Plains, 992 F. Supp. 652, 656 (S.D.N.Y. 1998)(finding that were plaintiff was required to appear in court on three occasions and "cut short" her travel, she raised "a genuine issue of fact as to the deprivation of liberty element" of her malicious prosecution claim) to effect a seizure under the Fourth Amendment

For the reasons stated above the defendants motion to dismiss should be denied.


B.      Plaintiff was denied his right to a fair trial.

A defendant's right to a fair trial is violated where a police officer forwards fabricated evidence "likely to influence a jury's decision" to the District Attorney's Office. Ricciuti v. N.Y.C. Transit Auth., 124 F.3d 123, 130 (2d Cir. 1997). A successful claim alleging the denial of the right to a fair trial through fabrication of evidence must demonstrate that "(i) an investigating official

(2) fabricates evidence (3) that is likely to influence a jury's decision, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of liberty as a result."

Here defendants argue that their motion to dismiss should be granted because plaintiff fails to plausibly allege how he was deprived of a fair trial and liberty.

Plaintiff has amended his complaint to clarify this issue. See Plan. Dec. Ex. "I" ¶¶ 16-24, ¶¶ 45-46. Plaintiff's fair trial claim is not vague or conclusory. These allegations are adequate and serve to distinguish this case from the cases cited by defendants. Plaintiff claims specific sentences in specific documents, evidence and testimony that was intentionally falsified by defendant ANDRE WILLIAMS and defendants causing his arrest. "The plaintiff does not have to have been convicted or suffer a post-conviction deprivation of liberty in order to state a valid § 1983 claim; fabrication of evidence leading to pre-trial detention can satisfy the causation element for a fair trial claim. Id at (citing Ricciuti, 124 F.3d at 130; Jean-Laurent, 2014 WL 4662323, at 3n.1).

For the reason stated above the defendant's motion to dismiss should be denied.

C.    <u>Plaintiff has plausibly alleged a conspiracy between defendants.</u>

"To prove a § 1983, (1985) conspiracy, a plaintiff must show: (1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Pangburn v. Culberston, 200 F.3d 65, 72 (2d Cir. 1999). The

Second Circuit requires a plaintiff to allege details as to the "time and place and the alleged effect of the conspiracy." See Ciambriello v. City of Nassau, 292 F.3d 307, 325 (2d Cir. 2002)

Here defendants argue that their motion to dismiss should be granted because plaintiff fails to state a conspiracy claim as he asserts vague and conclusory allegations.

Plaintiff has plausibly plead a conspiracy in his complaint and amended complaint with specific sentences and detailed time and places of the events, and acts the defendants engaged in.

Absolute immunity does confer broad protection upon prosecutors from civil liability for their official duties. Yet, "where the prosecutor acts without clear jurisdiction and without any colorable claim of authority the prosecutor loses the absolute immunity he would otherwise enjoy." Rodriguez[5] v. City of New York, 193 A.D. 2d 79, 86, 602 N.Y.S. 2d 357 (1st Dept. 1993) "Plaintiff specifically alleges that the ADAs knew the charges against her were false and knew that Shmueli was innocent of the alleged offenses, but the ADAs prosecuted it [sic] nonetheless. Thus plaintiff has sufficiently alleged acts by the ADAs defendants that, if true, would be 'in clear absence of all jurisdiction'. So,... at least on a 12(b)(6) motion, there is enough here for me to say that absolute immunity does not bar this 1983 claim..." Shmueli v. City of New York, 424 F.3d 231, 235-236 (2005)

D.   <u>Plaintiff has plausibly alleged the claim of failure to intervene.</u>
To establish a claim for failure to intervene, plaintiff must show (1) the officer's failure "permitted fellow officers to

violate [plaintiff's] cleary established statutory or constitutional
rights," and (2) it was "objectively unreasonable for him to
believe that his fellow officers' conduct did not violate those rights."
Ricciuti, 124 F.3d at 129.

Here defendants argue that their motion to dismiss
should be granted because plaintiff fails to state a claim as
he asserts vague and conclusory allegations.

Plaintiff has stated allegations in his complaint and
amended complaint of defendants CYRUS VANCE, JR. and ERICA
O'BRIEN's acts in agreement and overt actions. see Plan. Dec.
Ex. "I" ¶¶ 16-25, ¶¶ 34-37., in permitting the officers and
themselves to violate plaintiff's rights and it was objectively
unreasonable for them to believe that their actions or the defendant
ANDRE WILLIAMS conduct did not violate plaintiff's rights.
"Where a plaintiff has properly alleged a constitutional violation, he
is "entitled to discovery to determine which officers participated
directly in the alleged constitutional violations and which officers
were present and failed to intervene." Matthews v. City of New York,
889 F. Supp. 2d 418, 444 (E.D.N.Y. 2012) (citing Biggs v. City of
New York, No. 08-CV-8123, 2010 WL 4628360, at *6 n. 12 (S.D.N.Y.
Nov. 16, 2010). There has been no discovery phase as of yet in
this case.

For this reason stated above the defendants motion to
dismiss shoubld be denied

CONCLUSION

For all of the above reasons stated above, it is respectfully requested that the Court enter an Order pursuant to Rule 12(b)(6) denying the defendants motion to dismiss, with prejudice.

Dated : Dannemora, New York
          June 23, 2017

Anthony Blue
Anthony Blue, Plaintiff
# 15A4723
P.O. Box 2002
Dannemora, N.Y. 12929

## CERTIFICATE OF SERVICE

I declare under penalty of perjury on this 23rd day of June, 2017. I am delivering this motion of opposition to prison authorities to be mailed to the defendants' address below:

1. CYRUS VANCE, JR
   ERICA O'BRIEN
   ONE HOGAN PLACE
   NEW YORK, NEW YORK 10013

# EXHIBIT



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 45
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
THE PEOPLE OF THE STATE OF NEW YORK

    -against-                         Ind. No. 1402/13

ANTHONY BLUE,
                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
For the People: James Bergamo
Anthony Blue, pro se
Karen Funk, legal adviser
JUSTICE BRUCE ALLEN :

        The defendant has moved for an order directing the People to provide copies of felony complaints, affidavits of eyewitnesses and witness statements. There were no felony complaints in this case. The defendant was arrested after being indicted by the grand jury. There is no requirement that the People obtain or provide affidavits of witnesses.  The People are required to provide the defense with any written or recorded statements by a witness who the People intend to call at trial, but are not legally obligated to do so until the commencement of the trial. CPL §240.50.

        With respect to the defendant's references to eyewitnesses to the charged crimes, it is noted that the People may satisfy their burden through circumstantial evidence.

September 8, 2014

# EXHIBIT



GJ #2-29

Filed:

N/A

N/A

THE PEOPLE OF THE STATE OF NEW YORK

-against-

ANTHONY BLUE,
CARNONA PUELLO,

Defendants.

No.

INDICTMENT

BURGLARY IN THE SECOND DEGREE, P.L. §140.25(2), 5 Cts
BURGLARY IN THE SECOND DEGREE, P.L. §140.25(2) - DEF. A. Blue

CYRUS R. VANCE, JR., District Attorney

A True Bill

Foreman

Erica O'Brien
Trial Bureau 30

# EXHIBIT



GJ #2-29

2nd GRAND JURY

PART 1    MAR 2 5 2013

THE PEOPLE OF THE STATE OF NEW YORK

-against-

ANTHONY BLUE,
CARNONA PUELLO,

Defendants.

INDICTMENT

Filed:

N/A              N/A

No.

14DK-2013

BURGLARY IN THE SECOND DEGREE, P.L. §140.25(2), 5 Cts
BURGLARY IN THE SECOND DEGREE, P.L. §140.25(2) - DEF. A. Blue

CYRUS R. VANCE, JR., District Attorney

A True Bill

Foreman

Erica O'Brien
Trial Bureau 30

OFFICIAL USE
Supreme Court New York County
County Clerk and Clerk of the

I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.

DATE
APR 1 4 2017



EXHIBIT

D

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

THE PEOPLE OF THE STATE OF NEW  YORK
                    VS

CERTIFICATE OF DISPOSITION
     NUMBER:  441161

BLUE,ANTHONY
Defendant

1 EAST 198 STREET
Address

BRONX              NY  10468
City              State  Zip

Docket Number: 2012NY067918

110-140.25
Arraignment Charges

     03/20/1975
Date of Birth

     7378905Y
NYSID Number

     08/28/2012
Date of Arrest/Issue

Summons No:

Case Disposition Information:

| Date | Court Action | Judge | Part |
|------|-------------|-------|------|
| 03/13/2013 | DISMISSED AND SEALED | SOKOLOFF,L | 2F |

NO FEE CERTIFICATION

_ GOVERNMENT AGENCY      _ COUNSEL ASSIGNED

_ NO RECORD OF ATTORNEY READILY AVAILABLE. DEFENDANT STATES COUNSEL WAS ASSIGNED

  SOURCE  _ ACCUSATORY INSTRUMENT  _ DOCKET BOOK/CRIMS  _ CRC3030[CRS963]

     I HEREBY CERTIFY THAT THIS IS A TRUE EXCERPT OF THE RECORD ON FILE IN
THIS COURT.

FANELLI,R                                03/11/2016
COURT OFFICIAL SIGNATURE AND SEAL        DATE        FEE: NONE

(CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT
         SEAL OVER THE SIGNATURE OF THE COURT OFFICIAL.)

SEALED
pursuant to Section 160.50 of the CPL



SUPREME COURT OF THE STATE OF NEW YORK

☒ WARRANT OF ARREST
☐ BENCH WARRANT
☐ WARRANT

Part ____ 32 ____  County NEW YORK  01402-2013
Supreme Court Number/Year

In the Name of the People of the State of New York: To any Police Officer of the City of New York.

An Accusatory instrument having been filed with this Court

charging CARNONA PUELLO _____ the defendant in the criminal action herein,

with the commission of the Felony of BURGLARY IN THE SECOND DEGREE _____ • and

☒ the defendant not having been arraigned upon the accusatory instrument by which this criminal action against him was commenced and this Court requiring his appearance before it for the purpose of arraignment;

☐ the defendant having been arraigned upon the accusatory instrument by which this criminal action against him was commenced and this criminal action being pending in this Court and this Court requiring his appearance before it,

☐ the defendant having been convicted of _____
and having been sentenced to _____
and this Court requiring his appearance before it,

You are, therefore, commanded forthwith to arrest the defendant named above and bring him before this Court without unnecessary delay,

MARCH 25, 2013
Dated: City of New York

By Order of the Court _____
Justice of the Supreme Court
Court Clerk

Francis K. Amabile
Senior Court Clerk

Bail Condition Violated _____

SC-CR-37-1 /77

NA

## PRINT or TYPE ALL INFORMATION CAPTIONS

| ENTERED NCIC NO. | ENTERED -DCJS NO. | ENTERED LOCAL NO. | CANCELLED DATE | | MO | DAY | YR |
| | | | NCIC DCJS LOCAL | | | | |
| W | WPR NO. | | ☐ ☐ ☐ | | | | |

| 1. DEFENDANT'S LAST NAME, FIRST, M.I. | | 2. SEX | 3. RACE | 4. DATE OF BIRTH | 5. HGT. | 6. EYE COLOR | 8. HAIR COLOR | 9. SKIN TONE |
| | | | BLACK | MO DAY YR | | 7. EYE COLOR | | |
| PUELLO, CARNONA | | MALE | /HISP | 08 13 78 | 5'11" | 200 LB | BRWN | BLCK | MED |

| 10. MNU | NYSID NUMBER (NY/IIS) | 11. SOCIAL SECURITY NO. | 12. DRIVER'S LICENSE NUMBER | ( ) OPER. | ( ) CHAUF. |
| OA-NY | 08305569P | | | | |

| 12A. STATE | 12B. YEAR LIC. EXP. | 13 OFFENSE | 14. DATE OF WARRANT | 15.NYCPD WARRANT DIVISION SERIAL NO. | 16. COURT INDICTMENT NUMBER |
| | | | MO DAY YR | | |
| | | | OCA 578 | | |

| 17. DEFENDANT'S VEH. REG. NO. | 18. CRIM. COURT DOCKET NO. | YR. | 19. MISC. INFORATION VIOLATION OF PROBATION WARRANTS, INSERT NAME AND TELEPHONE NO. OF PROBATION OFFICER (ALSO - MARKS, SCARS, B#, FPI #. |

| 20A. DEFENDANT'S RESIDENCE ADDRESS | 20B. APT. NO. | 21. BORO, TOWN, CITY, STATE | ZIP CODE | 22 DEF. RES. PCT | 23. DATE OF ARREST | | | 24. PCT. OF ARR |
| | | | | | MO | DAY | YR | |
| 2301 MORRIS AVENUE | 1A | BRONX, NY | 10468 | | | | | |

| 25. ARREST NO. | 26. CHARGE: PENAL LAW | 27. CRIME CLASS | 28. NAME & ADDRESS, NEXT OF KIN |
| | PL 140.25(2) | ☒ F M V | |

| 29.ARRESTING OFFICER'S LAST NAME | FIRST | M | 30. TAX. REG. NO. | 31. SHIELD NO. | 32. DEPT./AGENCY | 33 COMD CODE |

| 34. DEFENDANT'S EMPLOYER'S NAME | ADDRESS | TEL NO. |

AKA'S

## FOR CENTRAL WARRANT UNIT USE ONLY

| VERIFIED ACTIVE. NAME | SHIELD NO. | WARRANT EXECUTED | DATE | | MO DAY YR | ATTACH POLAROID PHOTO USE SCOTCH TAPE |
| | | ARX VS CT | | | | |

| A O.W. NAME | COMD | TAX | DATE OF ARREST | MO DAY YR | NOTE: |
| | | | | | If the Polaroid Photo was not attached to this form, indicate by signing your name in the appropriate space. |

| FWD DATE | PAGE NO | COMMANDS | CODE |
| MO DAY YR | | | |

| LODGED DATE | | LOCATION | ID NUMBER |
| MO DAY YR | 0 0 | | |

| DC CHECK DATE | | | INITIALS |
| MO DAY YR | No RESULT | | |

| F P F T DATE | FAX NO | ARR OFF COMD | A/O TAX REG. NO. | DATE | | Signature |
| | | | | MO DAY YR | | |
| | | | | | | date |

INSTRUCTIONS TO CLERKS: District Attorneys Office/Supreme Court /Probation Office
1. Attach the Criminal Court Warrant Form (PD374-152) located in the Supreme Court Case Jacket.
2. The Police Department will complete all information captions which are shaded.

WARRANT INVESTIGATION REPORT (PD 374-1591-REV. 1/77)
ORIGINAL/DUPLICATE TO WARRANT DIVISION - TRIPLICATE TO COURT

NYC000353



EXHIBIT

F

**DISTRICT ATTORNEY**
COUNTY OF NEW YORK
ONE HOGAN PLACE
New York, N. Y. 10013
(212) 335-9000



**CYRUS R. VANCE, JR.**
DISTRICT ATTORNEY

April 25, 2017

Anthony Blue
15-A-4723
Clinton Correctional Facility
P.O. Box 2002
Dannemora, New York 12929

Re: F.O.I.L. Request
Ind. No. 1402/2013

Dear Mr. Blue:

As you are aware, I am an Assistant District Attorney in New York County and have been assigned to be the Records Access Officer in connection with your request under the Freedom of Information Law (F.O.I.L.). The request was received by this office on or about April 3, 2017.

I have researched the case and am ready to rule on your request. According to our records, your conviction is still under appeal. As such, your case is still pending, and therefore your request is denied. Disclosure of documents during a pending proceeding would interfere with handling of the appeal as well as with any further investigation that might be necessary. Moreno v. New York County District Attorney's Office, 38 A.D.3d 358 (1st Dept. 2007). See Public Officers Law § 87(2)(e)(I); see also Matter of Legal Aid Socy. v New York City Police Dept., 274 A.D.2d 207 (1st Dept. 2000); Pittari v. Pirro, 258 A.D.2d 202 (2nd Dept. 1999); Matter of Sideri v Office of the Dist. Attorney of N.Y. County, 243 A.D.2d 423 (1st Dept. 1997).

The Freedom of Information Law Appeals Officer is Patricia J. Bailey, Bureau Chief, Special Litigation Bureau, New York County District Attorney's Office, 1 Hogan Place, New York, New York 10013.

Sincerely,

Anne-Marie Whelan
Assistant District Attorney
Records Access Officer







Supreme Court
of the
State of New York

100 CENTRE STREET
NEW YORK, N.Y 10013

April 25, 2017

Mr. Anthony Blue 14A4723
Five Points Correctional Facility
State Route 96 P.O. Box 119
Romulus, NY 14541

Re:   Documents
Ind.#   01402-2013

Dear Mr. Blue:

In response to your request, it has been explained to you already that you can not obtain
information on the Grand Jury. It is a secret procedure.
March 25, 2013 was the day the Grand Jury voted on an indictment against you in this case. Not
a hearing date.
The indictment in your case is not a sealed document in the sense of not been available for public
view. It is available for you to request.
Finally, the fees for documents have been explained to you many times in the past.

Respectfully yours,

F. Parra

Fernando Parra, SCC
Court Action Processing Unit
Supreme Court, Criminal Term

Encl.

𝕾𝖚𝖕𝖗𝖊𝖒𝖊 𝕮𝖔𝖚𝖗𝖙
of the
𝕾𝖙𝖆𝖙𝖊 𝖔𝖋 𝕹𝖊𝖜 𝖄𝖔𝖗𝖐



100 CENTRE STREET
NEW YORK, N.Y 10013

March 30, 2017

Mr. Anthony Blue 14A4723
Five Points Correctional Facility
State Route 96 P.O. Box 119
Romulus, NY 14541

Re:   Copies of Court Documents
Ind.# 01402-2013

Dear Mr. Blue:

In response to your request, enclosed please find a copy of the relevant part of CPLR 8019(f) where it is stated that the maximum per record is now $40. It refers to courts outside of New York City.

As Stated in previous letters, the fee as set by law for certified copies is $8.00 for any document in your file from one up to 80 pages long. A disposition is $10.00. Or you can have someone copy all the public documents in your file for $0.25 cents per page using the copiers provided in the Clerk's Office at 100 Centre St. Room 1000 on the 10th Floor.

Be further advised that the Indictment is not filed by a Clerk but by the District Attorney's Office and that Grand Jury information is not public.

Respectfully yours,

Fernando Parra, SCC
Court Action Processing Unit
Supreme Court, Criminal Term

Encl.

# EXHIBIT



PLACE OF ARREST

LAST OFFICE ADDRESS

ANTHONY BLUE                                    INDICTMENT NUMBER 1402-2013

| | |
|---|---|
| PLEA PART/DATE _____ | October 5, 2015   C/R Loria Burgess |
| JUSTICE _____ | Panel sworn - Judge's instructions - |
| DEFENDANT PLEADS GUILTY: | Jury selection commences- Initial panel size 55. 26 excused, 16 |
| BEFORE) | seated in the box. Prospective juror #3 Vior, excused. |
| DURING1 TRIAL TO | Adjourned to 10/06 @ 9:45 |
| | |
| | October 6, 2015  C/R  Loria Burgess |
| ☐ DEFT PLEADS NOT RESPONSIBLE BY REASON OF | Seated prospective juror #5 ▮▮▮ called in sick. ▮▮▮ |
| MENTAL DISEASE OR DEFECT | replaces Vior in seat #3. ▮▮▮ replaces ▮▮▮ in seat #5. |
| COUNSEL PRESENT _____ | Seated prospective juror's 8, 10 and 16 excused for cause. ▮▮▮ |
| ADA PRESENT _____ | replaces ▮▮▮ in seat # 8, ▮▮▮ replaces ▮▮▮ in seat #10 and |
| COURT REPORTER _____ | ▮▮▮ replaces ▮▮▮ in seat # 16.  The remaining 8 jurors |
| COURT INTERPRETER _____ | in the audience are now seated from 17 thru 24. |
| COURT CLERK _____ | 12 jurors selected, sworn and excused until 10/7 @ 9:45. |
| | Upon request of defendant Mr. Blue his legal advisor will voir dire |
| PENDING SENTENCE ON _____ | the next jury panel. Additional 30 jurors coming from 60 Centre str |
| ☐ REMANDED    ☐ BAIL CONTINUED    ☐ ROR | 30 Additional jurors - 19 - excused - 11 seated - 3 alternates selected |
| | completing the jury. Adjourned to 10/07/15 for trial @ 10:00am. |
| **TRIAL** | |
| COMMENCES              OCTOBER 5           2015 | October 7, 2015  C/R  L. Burgess / K. Martini |
| JUSTICE          ELLEN BIBEN | Judge instructs jury. |
| ADA PRESENT  JAMES BERGAMO / TIMOTHY DUDA | People's opening statement by T. Duda @ 10:35am. |
| COUNSEL PRESENT ANTHONY BLUE(Pro se)/EUGENE NATHANSON(LEGAL ADVISOR) | Defense opening by Anthony Blue, Pro Se. |
| COURT REPORTER(S)  LORIA BURGESS | People's case: |
| | Witness #1 ▮▮▮ ▮▮▮ sworn - examined - excused |
| COURT CLERK ___ PATRICIA SCHREIBER | People's exhibit 1-6 admitting into evidence thru this witness. |
| INTERPRETER _____ | PW # 2 ▮▮▮ sworn - examined - excused (E#7) |
| CONCLUDED       OCTOBER 15          2015 | PW# 3 PO Michelle Keane shield # 25058 CSU - sworn, examined, |
| ☒ DAILY COPY | and excused (E # 8,9 and 10) |
| TRIED AND FOUND ___ GUILTY 1,2,4,5,6  NG - 3 | PW# 4 ▮▮▮ - NY county - sworn - examined - excused (E#11) |
| | PW# 5 ▮▮▮ - sworn - examined - excused  (E# 12) |
| COUNT 1 - GUILTY - BURGLARY 2 DEGREE PL 140.25 (2) | PW# 6 PO Emmanuel Valerio shield # 20335 - 33rd Precinct |
| COUNT 2 - GUILTY - BURGLARY 2 DEGREE PL 140.25 (2) | sworn - examined- excused |
| COUNT 3 - AQUITTED | PW# 7 PO Johnny Mitchell shield # 31023 - 33rd Pct. |
| COUNT 4 - GUILTY - BURGLARY 2 DEGREE PL 140.25 (2) | sworn - examined - excused |
| COUNT 5 - GUILTY - BURGLARY 2 DEGREE PL 140.25 (2) | Jury admonished - excused until 10-08-15 @ 11:00am. |
| COUNT 6 - GUILTY - BURGLARY 2 DEGREE PL 140.25 (2) | |
| | October 8, 2015   C/R  L. Burgess/K. Martini |
| | PW # 8 ▮▮▮ - NY County - |
| | sworn - examined - excused |
| | PW# 9 PO Genner Gomez shield # 27651 - 33rd Pct. |
| | sworn - examined - excused |
| | PW# 10 ▮▮▮ - NY County - sworn - examined - |
| | excused (E# 13) |
| | PW #11 DET. Denny Acosta shield # 7391 - 33rd Pct. Det Unit |
| | sworn - examined - excused (E# 14, 15 & 16) |
| | PW #12  SGT. John Valentino shield# 2615 - 109th Pct. |
| | sworn - examined - excused (E# 17 & 18) |
| | Jury admonished - excused until 10-09-15 @ 10:15am. |
| | |
| | October 9,2015  C/R  L. Burgess / K. Martini |
| PENDING SENTENCE ON  11-12-15 | PW# 13 ▮▮▮ sworn - examined - |
| ☒ REMANDED    ☐ BAIL CONTINUED    ☐ ROR | excused  (E#19) |

NYC000271

# EXHIBIT



I