UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

ANTHONY BLUE,

              Plaintiff,

    "against"

CITY OF NEW YORK, sued personally and individually; CYRUS VANCE, JR., sued personally and in his individual capacity; ERICA O'BRIEN, sued personally and in her individual capacity; ANDRE WILLIAMS, sued in his individual, offical capacity and personally.

              Defendants.

AMENDED COMPLAINT

No. 16-CV-9990

JURY TRIAL DEMANDED



## COMPLAINT

Plaintiff, ANTHONY BLUE, hereby appears in this action Pro Se, and request that all papers be served upon, at the addresses below, in this matter.

Plaintiff, ANTHONY BLUE, complaining of the above defendants, CITY OF NEW YORK; CYRUS VANCE, JR., ERICA O'BRIEN and ANDRE WILLIAMS, collectively referred to as the defendants, upon information and belief alleges as follows:

## NATURE OF THE ACTION

1.      This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statutes, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983; 1985; 1986, and arising under the law and statutes of the State of New York.

## JURISDICTION

2.      The jurisdiction of this Court is invoked under 28 U.S.C. § 1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourteenth Amendment to the Constitution of the United States. Jurisdiction of this court exist pursuant to 42 U.S.C. § 1983 and under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constition.

3.      All causes of action not relying exclusively on the aforementioned federal cause of action as a basis of this court's jurisdiction pursuant to 28 U.S.C. § 1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable state and city laws.

4.      As the deprivation of rights complained of herein occurred within the Southern District of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## SATISFACTION OF THE PROCEDURAL PREREQUISITES FOR SUIT

5. There were no conditions precedent to the filing of this action. Defendans CITY OF NEW YORK is being sued individually and was served with a notice of claims, defendants CYRUS VANCE, JR. and Erica O'Brien are being sued in their individual capacities and personally, no notice is required to them or the defendant ANDRE WILLIAMS.

6. At least thirty days have elapsed since the service upon defendant CITY OF NEW YORK of the above mentioned notice of claims, and settlement or payments have been neglected and or refused.

7. This action, pursuant to New York State and City Law has been commenced within the time statutes of the occurrence of the incidents.

## PARTIES

8. Plaintiff, ANTHONY BLUE, currently resides at, #15A4723, Clinton Annex Correctional Facility, P.O. Box 2002, Dannemora, New York 12929, in the State of New York.

9. Defendant CITY OF NEW YORK, is a municipality in the State of New York located at, 100 Church St., 5th floor, New York, N.Y. 10007

10. Defendants CYRUS VANCE, JR. and Erica O'BRIEN, last known address, One Hogan Place, New York, N.Y. 10013. They are being sued personally and in both their individual capacity.

11. Defendant ANDRE WILLIAMS last known address, 2207 Amsterdam Ave., New York, N.Y. 10032. Defendant is represented by Zachary W. Carter Corporation Counsel of the City of New York, 100 Church St. Room 3-217, New York, N.Y. 10007.

## PREVIOUS LAWSUIT BY PLAINTIFF

12.     Plaintiff has a pending suit before this court, Blue v. City of New York, et al., No. 14-CV-7836 (VSB) (the "related case") dealing with different allegations and facts in which defendants CYRUS VANCE JR. and ERICA O'BRIEN are not named defendants, nor is this suit related to plaintiff's detention.

## EXHAUSION OF ADMINISTRATIVE REMEDIES

13.     Plaintiff has no administrative remedies available for the claims herein.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

14.     On August 27, 2012 plaintiff was arrested under the false pretext of tresspassing in front of 615 W. 164th, N.Y., N.Y. by defendant ANDRE WILLIAMS and other officers.

15.     Defendant WILLIAMS and other officers confined plaintiff to a holding cell, in which, Defendant ANDRE WILLIAMS and other officers strip searched plaintiff and seized his clothing, wallet and jewelry.

16.     Plaintiff was later moved to a cell on the second floor of the 33rd precinct detective squad room. There plaintiff observed conversations between defendant ANDRE WILLIAMS and other officers conspiring to deprive plaintiff of his constitutional rights. They agreed collectively and individually amongst themselves to perjure statements, false reports and evidence to be manofactured to justify the illegal arrest of plaintiff for tresspass.

17.     Defendant ANDRE WILLIAMS told another detective to state in his report that he stopped and arrested plaintiff because plaintiff had on similar clothing to an individual they think may have been committing burglaries in the area based on a wanted

poster he will have another officer create from a video from one of the alleged burglary locations.

18.   Plaintiff further observe defendant ANDRE WILLIAMS and other officers conspire to search plaintiff's automobile and plant illegal evidence allegedly taken from another in said automobile to attempt to gain a search warrant for plaintiff's home in another bourough.

19.   On the same day defendant ANDRE WILLIAMS and other officers took overt steps and fowarded false information consisting of a false, misleading felony complaint and reports to the New York County District Attorney's Office, without arguably or just probable cause that proceedings against plaintiff could suceed.

20.   On August 29, 2012, while still being confined in the detective squad from the previous day, plaintiff overhears speakphone conversations between defendants ANDRE WILLIAMS and defendants CYRUS VANCE, JR and ERICA O'BRIEN. Plaintiff bases his information and belief on the fact that he observed defendant ANDRE WILLIAMS call an individual who identified herself as ERICA O'BRIEN of the New York County D.A.'s Office who later placed a male, on that defendant WILLIAMS addressed as Honorable VANCE.

21.   The defendants discussed the events in which plaintiff was arrested, the search of plaintiff car and the seizure of plaintiff's clothing.

22.   The defendant's CYRUS VANCE, JR. and ERICA O'BRIEN advised defendant ANDRE WILLIAMS and other officers on how to falsify affidavits for search warrants, to draw up another felony complaint for attempted burglary, to fowared all cases they were investigating so they can charge plaintiff with them and

to go ahead and search plaintiff's apartment, they will handle the rest.

23.    Defendant ANDRE WILLIAMS and other officers broke into plaintiff's home as instructed by CYRUS VANCE, JR. and ERICA O'BRIEN and seized property that was not outlined in the warrant, namely jewelry, electronics, money and personal documents.

24.    After the illegal search Defendant ANDRE WILLIAMS contacted defendant ERICA O'BRIEN and told her about the items seized. She asked if anything that was stolen was recovered. Defendant ANDRE WILLIAMS stated "No." Defendant ERICA O'BRIEN instructed defendant ANDRE WILLIAMS to go ahead and arrest plaintiff for attempted tresspass and burglary and to have another officer to arrest plaintiff for possession of stolen property any way because that is what they will use to support the false affidavits for the search warrants. Defendant CYRUS VANCE, JR and ERICA O'BRIEN further advised defendant ANDRE WILLIAMS and other officers how to further falsify documents to subject plaintiff to charges and arrest, then to foward the documents to their office.

25.    On August 29, 2012, Plaintiff was arraigned on the false charge of attempted burglary on the complaint filed by defendant ANDRE WILLIAMS. On that date defendants CYRUS VANCE, JR. and ERICA O'BRIEN claimed more charges are to follow from other burglary incidents. Plaintiff requested to testify before a grand jury and the court adjourned to August 31, 2012.

26.    On August 31, 2012, the people; defendants CYRUS VANCE, JR. and ERICA O'BRIEN were not ready for the proceedings.

Plaintiff was released on his own recognizance only to be rearrested at the behest of defendant CYRUS VANCE, JR. and ERICA O'BRIEN by other officers in the court room.

27. Plaintiff was transferred back to the 33rd precinct detective squad room were plaintiff overheard a speaker phone conversation between defendants ANDRE WILLIAMS and ERICA O'BRIEN discussing charging plaintiff with possession of a stolen laptop and a bag that they knew belong to the plaintiff and plaintiff's girl friend. Defendant ANDRE WILLIAMS had other officers arrest plaintiff on the false charge.

28. On September 1, 2012, plaintiff was arraigned and released from Bronx Criminal Court on the false charge of possession of stolen property.

29. Plaintiff was ordered not to leave the state and was required to make eight court appearances until March 13, 2013, when the false charge of attempted burglary filed by defendant ANDRE WILLIAMS, was dismissed and sealed for decline to prosecute and speedy trial violation.

30. On September 16, 2012, plaintiff filed a complaint with the New York Police Department Internal Affairs Bureau, complaint # C12-0656 about defendant ANDRE WILLIAMS and other officers and defendants CYRUS VANCE, JR. and ERICA O'BRIEN. Neither the Bureau or defendant CITY OF NEW YORK took any investigative steps or disciplinary actions against defendants.

31. On March 13, 2013, Plaintiff requested the return of all the property taken from him, his car and home. Defendants

CYRUS VANCE, JR. and ERICA O'BRIEN refused even knowing that the case for the false arrest for attempted burglary was dismissed and sealed. The very same case these defendants instructed defendant ANDRE WILLIAM and other officers to falsify affidavits to search and seize plaintiff's property from his home.

32.    On or about March 14, 2013, plaintiff filed a complaint with the First Judicial Department Disciplinary Committee about the egregious actions of defendants CYRUS VANCE, JR. and ERICA O'BRIEN. That complaint was never answered.

33.    Upon information and belief the plaintiff alleges that defendants CYRUS VANCE, JR. and ERICA O'BRIEN conspired amongst themselves to deprive plaintiff of his constitutional rights, for filing complaints against them.

34.    On March 25, 2013, the defendant CYRUS VANCE, JR. conspired with ERICA O'BRIEN manufactured a fraudulent indictment based on the alleged incidents of burglary in the 33rd precinct in which one count charging that plaintiff committed a burglary on June 5, 2012. There were never any felony complaints charging plaintiff for these crimes nor was plaintiff held for grand jury proceedings. No court impaneled a grand jury for actions on the alleged charges. In fact there was never a grand jury to vote a true bill charging plaintiff of the crimes in the indictment manufactured by the defendants CYRUS VANCE, JR. and ERICA O'BRIEN.

35.    The defendants CYRUS VANCE, JR. and ERICA O'BRIEN placed their printed names on the fraudulent indictment and committed abuse of process by filing the false document with a Court Clerk of Supreme Court Part: 32.

36. The defendants CYRUS VANCE, JR. and ERICA O'BRIEN acted outside of their jurisdiction by filing the false indictment, no grand jury voted to indict plaintiff. Only a grand jury can file an indictment in open court, which confers subject matter jurisdiction to try a defendant of a prosecutor to prosecute.

37. The defendants CYRUS VANCE, JR. and ERICA O'BRIEN'S filing of the false document mislead the court clerk into filing and issuing an authorized nonexistant grand jury warrant signed by her.

38. On May 15, 2013, plaintiff was arrested in his home in Jacksonville, Florida as a direct result of the defendants CYRUS VANCE, JR. and ERICA O'BRIEN's illegal conduct.

39. On May 16, 2013, Plaintiff was arraigned in Jacksonville Florida Criminal Court on an allege fugitive warrant signed by an alleged impowered authority charging burglary in New York State. Assigned Counsel persuaded plaintiff to sign a waiver of extradition on the belief that plaintiff would be released in a few days.

40. Plaintiff was held for over a month and transported to New York to the 34th precinct were defendant ANDRE WILLIAMS arrested plaintiff again on June 12, 2013 and charged plaintiff with the same exact charges in the defendants CYRUS VANCE, JR. and ERICA O'BRIEN's Fraudulent indictment.

41. Plaintiff was arraigned in New York County Supreme Court Part: 32 on June 13, 2013, Defendants CYRUS VANCE, JR and ERICA O'BRIEN appeared in court to continue the malicious prosecution knowing that they are misleading their fraudlent indictment and false statements of a grand jury voting an indictment.

42.   Plaintiff was remanded without bail for more than 22 months until he was released on April 5, 2015. Plaintiff was told not to leave the State and was subjected to more than 10 court proceedings thereafter.

43.   On September 14, 2014 the malicious prosecution initiated at the behest of defendants CYRUS VANCE, JR., ERICA O'BRIEN and ANDRE WILLIAMS was dismissed and sealed for decline to prosecute, in plaintiff's favor.

44.   On July 28, 2014, Plaintiff challenged the authencity of defendants CYRUS VANCE, JR. and ERICA O'BRIEN'S fraudulent indictment. I presented a copy of the one defendants gave the court clerk which had no signature or a dated and time stamp filed reciept by the county court clerk. The court refused to allow plaintiff to see the one alleged to be in the courts folder. The court told the clerk to give plaintiff a copy but to alter it so plaintiff could not see the foreman's signature. The clerk altered the document by writing the indict- ment number, signed an illegiable name and left the courtroom, she later returned with a certified copy of the alleged indict- ment. Defendants CYRUS VANCE, JR. and ERICA O'BRIEN was aware that the indictment was a fraud and contiued to allow the court to proceed under false assumption of jurisdiction.

45.   On October 13, 2015, defendant ANDRE WILLIAMS was called by defendant CYRUS VANCE, JR.'s A.D.A.s to give false testimony that he searched plaintiff's home with a valid search warrant and recovered property belonging to alleged victims from his investigations of burglaries in the 33rd precinct.

46.   Defendant CYRUS VANCE, JR. A.D.A.'s and defendant ANDRE WILLIAMS tampered with an evidence bag containing bags belonging to plaintiff's girlfriend. Defendants opened the bag and drew markings on one of the bags to make it look like one that was alleged to be stolen. The presented this evidence along with testimony of defendant ANDRE WILLIAMS stating he recovered a laptop a victim believed may be his daughter's that mysteriously disappeared before trial.

47.   On October 15, 2015 the jury found plaintiff not guilty of the alleged burglary on June 5, 2012, ending the malicious prosecution of that case initated by defendants CYRUS VANCE, JR., ERICA O'BRIEN and ANDRE WILLIAMS.

48.   At no time prior to or during the above events was there arguably or probable cause to arrest plaintiff and initiate proceedings against plaintiff, nor did defendants have objective reasonable belief that their actions were lawful.

49.   The defendant ANDRE WILLIAMS intentionally and deliberately gave false statements and/or failed to file accurate or corrective, or otherwise failed to report the conduct of other officers and the defendants CYRUS VANCE, JR. and ERICA O'BRIEN'S misconduct herein as required

50.   The defendants CYRUS VANCE, JR. and ERICA O'BRIEN intentionally and deliberately engaged in abuse of process, falsified documents and statements and/or failed to report accurate or corrective statements, or otherwise failed to report the the conduct of the defendants who engaged in the misconduct described herein as required.

51.    Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendant ANDRE WILLIAMS in this case and choosing not to take actions correct the chronic, systemic and institutional misuse and abuse of process and authority of prosecutors assisting officers misconduct including the defendants CYRUS VANCE, JR. and ERICA O'BRIEN, for violations of the constitutional right of citizens, thereby causing police officers and prosecutors, including the defendants in this case, to engage in unlawful conduct.

52.    Defendant CITY OF NEW YORK, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including defendant ANDRE WILLIAMS or take actions against prosecutorial misconduct of prosecutors including defendants CYRUS VANCE, JR. and ERICA O'BRIEN in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by the officers and prosecutors thereby causing and encouraging unlawful misconduct.

53.    Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and over the New York Police Department.

54.    Defendant CITY OF NEW YORK had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, abuse of arrest powers and other blant violations of the United States Constitution and rules and regulations of the NYPD. Despite ample notice and/or knowledge of inadequate supervision, defendant CITY took no steps

to ensure that reasonable and appropriate levels of supervision were put in place to ensure that NYPD members engage in police conduct in a lawful and proper manner, inclusive of use of their authority as law enforcement officers with respect to the general public and specifically the plaintiff herein.

55. The defendant CITY OF NEW YORK deliberately and intentionally chose not to take action to correct the chronic, systemic and institutional misuse and abuse of police authority by its NYPD employees and thereby deliberately and intentionally adopted, condoned and otherwise created through deliberate inaction and negligent supervision and NYPD policy, practice and custom of utilizing illegal and impermissible searches, arrest and detentions and the manufacturing of evidence, in the course of NYPD business in flagrant disregard of the state and federal constitution, as well as the Patrol Guide, up to and beyond plaintiff's arrest.

56. That all of the acts and omissions by the defendant's officers described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usage, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

57. The existence of the unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in a long history of civil actions in state and federal courts.

58. In an Order dated November 25, 2009, in Colon v. City of New York, 09 cv 0008 (EDNY), the court held that:

Informal inquiry by the Court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration - through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department - There is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

59.   That on more than half of the occasions where the Civilian Complaint Review Board refers substaintiated complaints against officers to the NYPD for disciplinary actions, the NYPD either simply issues a verbal warning or drops the charges all together.

60.   That the defendant NEW YORK CITY has not only tolerated but actively fostered a lawless atmosphere within the NYPD and its relations with county prosecutors, the City of New York was deliberately indifferent to the risk and the inadequate level of supervision would lead to violation of individual constitutional rights in general, and

and caused the violation of plaintiff's rights in particular.

61.   The false arrests of plaintiff, plaintiff wrongful imprison-
ment, plaintiff post deprivation of liberty, malicious prosecution
because of defendant's knowledge of a lack of any legitimate
cause or justification, were intentional, malicious, reckless and in
bad faith.

62.   The actions of all defendants, acting under color of state
law, deprived plaintiff of his rights, privileges and immunities
under the laws and Constitution of the United States.

63.   By these actions, defendants have deprived plaintiff of
rights secured by the Fourth, Fifth, Sixth, and Fourteenth Amendments
to the United States Constitution, in violation of 42 U.S.C. Section
1983.

64.   This action was commenced within the statute of limita-
tion after the happening of the events upon which the claim is based.


AS A FIRST CAUSE OF ACTION: AGAINST DEFENDANTS CYRUS VANCE,
JR., ERICA O'BRIEN AND ANDRE WILLIAMS: MALICIOUS PRO-
SECUTION UNDER 42 U.S.C. § 1983/ NEW YORK STATE LAW

65.   By this reference, plaintiff incorporates each and every
allegation and averment set forth in paragraphs 1 through 64 of this
complaint as though fully set forth herein.

66.   The commencement and continued prosecution of the illegal
judicial proceeding against plaintiff, including the arrest, the imprison-
ment, and the false charges against plaintiff were committed by or at
the instance of defendants CYRUS VANCE, JR., ERICA O'BRIEN
and ANDRE WILLIAMS without probable cause or legal authority

to do so, was with malice.

67. That the defendant ANDRE WILLIAMS acting in and outside of his official capacity was directly involved in the initiation of criminal proceedings against the plaintiff.

68. The defendants CYRUS VANCE, JR., and ERICA O'BRIEN acting in concert, without jurisdiction or authority of law acted outside of their official capacity and was directly involved in the initiation of criminal proceeding against the plaintiff.

69. The defendants lacked probable cause to initiate criminal proceedings against the plaintiff.

70. The defendants lacked probable cause and jurisdiction in continuing criminal proceedings against the plaintiff.

71. The defendants acted with malice in continuing criminal proceedings against the plaintiff.

72. The defendant ANDRE WILLIAMS misrepresented and falsified evidence throughout all phases of the criminal proceeding.

73. The defendants CYRUS VANCE, JR. and ERICA O'BRIEN misrepresented and falsified documents in a court of law in continuing the criminal proceeding.

74. The defendant ANDRE WILLIAMS misrepresented and falsified evidence to the New York County District Attorney's Office.

75. The defendants CYRUS VANCE, JR. and ERICA O'BRIEN manufactured a fraudulent indictment and misrepresented it to a clerk of court in New York County Supreme Court.

76. The defendant ANDRE WILLIAMS with held exculpatory evidence from the prosecutors in the New York County D.A.s Office

77. The defendants CYRUS VANCE, JR. and ERICA O'BRIEN

with held the fact plaintiff was not charged in felony complaints or indicted by a grand jury.

78.     The defendant ANDRE WILLIAMS did not make a complete statement of facts to the prosecutors in the New York County District Attorney's office.

79.     The defendants CYRUS VANCE, JR. and ERICA O'BRIEN did not make a complete statement of facts in the Supreme Court in the County of New York,

80.     The criminal judicial proceeding initiated against plaintiff on August 28, was dismissed on March 13, 2013, and terminated in plaintiff's favor

81.     The criminal judicial proceeding initiated against plaintiff on August 31, 2012 was dismissed on September 11, 2014, and terminated in plaintiff's favor

82.     The criminal judicial proceeding initiated against plaintiff on March 25, 2013 and June 12, 2013 ended in an acquittal and terminated in plaintiff's favor.

83.     The arrest, imprisonment and prosecution of the plaintiff were malicious and unlawful, because plaintiff had committed no crime and there was no probable cause to believe that plaintiff had committed any crimes.

84.     The defendants actions were intentional, unwarranted and in violation of the law. The defendants had full knowledge that the charges made before the Court against plaintiff were false and untrue.

85.     In addition, the defendants conspired among themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. §

1983, 1985, and by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

86.   The defendant ANDRE WILLIAMS acted under pretense and color of state law and in his individual and official capacities and within the scope of his respective employment as a NYPD officer. Said acts by the defendant was beyond the scope of his jurisdiction, without authority of law, and in abuse of his powers, and said defendant acted willfully, knowingly, and with the specific intent to deprive the plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

87.   The defendants CYRUS VANCE, JR. and ERICA O'BRIEN acted under pretense and color of state law, outside of their official capacities and respective employments as New York County District Attorneys. Said acts by the defendants was beyond the scope of their jurisdiction, without authority of law, and in abuse of process and their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive the plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

88.   As a consequence of the malicious prosecutions by the defendants CYRUS VANCE, JR., ERICA O'BRIEN and ANDRE WILLIAMS plaintiff suffered a significant loss of liberty, humiliation, mental anguish, depression, and violation of his civil rights, as a direct

and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

89.   Plaintiff hereby demands compensatory, exemplary, nominal, equitable, and punitive damages, in the amount of $400,000.00 or an amount to be determined at trial, against the defendant ANDRE WILLIAMS in his individual, official and personal capacity.

90.   Plaintiff hereby demands compensatory, exemplary, nominal, equitable, and punitive damages, in the amount of $1,500,000.00 or an amount to be determined at trial, against the defendant CYRUS VANCE, JR., in his individual and personal capacity.

100.   Plaintiff hereby demands comensatory, exemplary, nominal, equitable, and punitive damages, in the amount of $500,000.00 or an amount to be determined at trial, against the defendant ERICA O'BRIEN, in her individual and personal capacity.

AS A SECOND CAUSE OF ACTION: CONSPIRACY UNDER 42 U.S.C. § 1985/NEW YORK STATE LAW: AGAINST CYRUS VANCE, JR., ERICA O'BRIEN AND ANDRE WILLIAMS

101   By this reference, I incorporate each and every allegation and averment set forth in paragraphs 1 through 100 of this complaint as though fully set forth herein.

102.   Defendant ANDRE WILLIAMS of the New York City police department conspired with defendant's CYRUS VANCE, JR. and ERICA O'BRIEN of the New York County District Attorney's Office

and agreed individually and in concert to falsify statements, documents, testimony, affidavits, and information to be forwarded to the New York County District Attorney's Office and to be presented to the New York County Supreme Court on the dates of August 28, 2012; August 31, 2012; March 25, 2013; June 12, 2013; June 13, 2013; October 13, 2015 and took overt steps in that on August 28, 2012 defendant ANDRE WILLIAMS agreed with defendants CYRUS VANCE, JR. and ERICA O'BRIEN to fabricate felony complaints against plaintiff and forward them to the District Attorneys office with false affidavits stating evidence of stolen property was found in plaintiff's home. On August 31, 2012, defendants took overt steps to falsify another felony complaint and arrest plaintiff, knowing that the allegation was untrue. On March 25, 2013 defendants CYRUS VANCE, JR. and ERICA O'BRIEN conspired amongst themselves to fabricate a false indictment and took overt steps to mislead a court clerk to believe plaintiff was indicted, knowing that their actions were illegal. On June 13, 2013 defendants ERICA O'BRIEN, CYRUS VANCE, JR. and ANDRE WILLIAMS agreed amongst themselves to arrest plaintiff again and charge him with the same charges in there false indictment to cover up defendants CYRUS VANCE, JR. and ERICA O'BRIEN's misrepresentation to the court. Defendants took over steps and arrest plaintiff. On October 13, 2015, defendant ANDRE WILLIAMS and defendant CYRUS VANCE, JR.'s assistance conspired to alter evidence outside and in court to influence a jury against plaintiff. Defendants took overt steps by agreeing and oppening a evidence bag to tamper with a bag by altering it to claim it is similar to an alleged stolen item,

Defendant WILLIAMS perjured his testimony at trial that he had a valid search warrant to search plaintiff's home and recovered items belonging to alleged victims, knowing that the items belong to plaintiff and his girlfriend.

103.    All of the defendants CYRUS VANCE, JR., ERICA O'BRIEN and ANDRE WILLIAMS, agreed individually and in concert amengst themselves to conspire to deprive plaintiff of his Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and took overt steps listed above between the dates of August 27, 2012 and October 13, 2015, to do so, willfully, knowingly and intentionally with malice, violating plaintiff's rights secured by 42 U.S.C. § 1983.

104.    The defendant ANDRE WILLIAMS acted under pretense and color of state law in his individual and official capacities and within the scope of his employment as a NYPD officer. Said acts by the defendant was beyond the scope of his jurisdiction, without authority of law, and in abuse of his powers, and said defendant acted willfully, knowingly and with the specific-intent to deprive the plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

105.    The defendants CYRUS VANCE, JR. and ERICA O'BRIEN acted under pretense and color of state law, outside of their official capacities and respective employments as New York County District Attorneys. Said acts by defendants was beyond the scope of jurisdiction, without authority of law, and in abuse of process and their powers, and said defendants acted

willfully, knowingly, and with the specific-intent to deprive the plaintiff of his constitutional rights secured by 42 U.S.C. § 1983 and by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

106.   As a consequence of the conspiracy perpetrated by the defendants CYRUS VANCE, JR., ERICA O'BRIEN and ANDRE WILLIAMS, plaintiff suffered a significant loss of liberty, humiliation, mental anguish, depression, and violation of his civil rights, as a direct and proximate result of the actions the defendants detailed above, plaintiff sustained the damages herein before stated.

107.   Plaintiff hereby demands compensatory, exemplary, nominal, equitable, and punitive damages, in the amount of $400,000.00 or an amount to be determined at trial, against the defendant ANDRE WILLIAMS, in his individual and personal capacity.

108.   Plaintiff hereby demands compensatory, exemplary, nominal, equitable, and punitive damages, in the amount of $1,500,000.00 or an amount to be determined at trial, against defendant CYRUS VANCE JR., in his individual and personal capacity.

109.   Plaintiff hereby demands compensatory, exemplary, nominal, equitable, and punitive damages, in the amount of $500,000.00 or an amount to be determined at trial, against the defendant ERICA O'BRIEN, in her individual capacity and personal capacity.

AS A THIRD CAUSE OF ACTION: AGAINST CYRUS VANCE, JR., ERICA O'BRIEN, ANDRE WILLIAMS AND CITY OF NEW YORK FAILURE TO INTERVENE UNDER 42 U.S.C. § 1983/ LIABILITY UNDER 42 U.S.C. § 1986/ NEW YORK STATE LAW

110.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 109 of this complaint as though fully set forth herein.

111.    All of the above defendants had an affirmative duty to intervene on plaintiff's behalf to prevent the injuries and violations to plaintiffs Fourth, Fifth, Sixth and Fourteenth Amendment rights of the United States Constitution, despite having had a realistic and reasonable opportunity to do so.

112.    Defendant ANDRE WILLIAMS had knowledge of all wrongs conspired to, by fellow officers and defendants CYRUS VANCE, JR. and ERICA O'BRIEN to deprive plaintiff of his constitutional rights through their misconduct mentioned above. He had the power to prevent the commission of said acts, but instead neglected and refused to do so, which such person by reasonable diligence could have prevented, and thus the defendant is liable to plaintiff for damages.

113.    The defendant ANDRE WILLIAMS was the actual agent of the defendant CITY OF NEW YORK and was following the customs, practices ordinances and/or regulations of the City of New York when he violated plaintiff's rights, and the defendant CITY OF NEW YORK is therefore responsible for his acts, and liable to the plaintiff for the damages he suffered.

114.    The defendant CYRUS VANCE, JR. had knowledge of all wrongs conspired to by defendant ANDRE WILLIAMS, his fellow officers and defendant ERICA O'BRIEN to deprive plaintiff of his constitutional rights through their misconduct mentioned above. He had the power to prevent the commission of said acts, but instead

neglected and refused to do so, which such person by reasonable diligence could have prevented, and thus the defendant is liable to plaintiff for damages.

115.   The defendant ERICA O'BRIEN had knowledge of all wrongs conspired to by CYRUS VANCE, JR. and defendant ANDRE WILLIAMS and his fellow officers to deprive plaintiff of his constitutional right through their misconduct mentioned above. She had the power to prevent the the commission of said acts, but instead neglected and refused to do so, which such person by reasonable diligence could have prevented, and thus the defendant is liable to plaintiff for damages.

116.   All of the above defendants acted under pretense and color of state law, outside of their official capacities of the scope of their respective employments. Said acts by all defendants were willfull, knowingly and done with indifference with the specific intent to injure and deprive plaintiff of his constitutional rights secured by 42 U.S.C. § 1983 and by the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.

117.   As a consequence of the defendants failure to intervene, plaintiff suffered a significant loss of liberty, humiliation, mental anguish, depression, and violation of his civil rights, as a direct and proximate result of the actions/or inactions of the defendants detailed above, plaintiff substained the damages herein before stated.

118.   Plaintiff hereby demands compensatory, exemplary, nominal, equitable, and punitive damages in the amout of $400,000.00 or an amount to be determined at trial of the defendant ANDRE WILLIAMS, in his individual and personal capacity.

119.    Plaintiff hereby demands compensatory, exemplary, nominal, equitable, and punitive damages in the amount of 1,500,000.00 or an amount to be determined at trial the defendant CYRUS VANCE, JR, in his individual and personal capacity.

120.    Plaintiff hereby demands compensator, exemplary, nominal, equitable, and punitive damages in the amount of $500,000.00 or an amount to be determined at trial against the defendant ERICA O'BRIEN, in her individual and personal capacity.

121.    Plaintiff hereby demands compensatory, exemplary, nominal, equitable, and punitive damages in the amount of $3,000,000.00 or an amount to be determined at trial against defendant CITY OF NEW YORK, in its' individual capacity.

AS A FOURTH CAUSE OF ACTION: AGAINST THE DEFENDANT CITY OF NEW YORK: MUNICIPAL LIABILITY UNDER 42 U.S.C. 1983

122.   By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 121 of this complaint as though fully set forth herein.

123. The defendant officers arrested and incarcerated the plaintiff in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize the plaintiff's liberty, well-being, safety and constitutional rights.

124. The acts complained of were carried out by the individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

125. The defendant officers acted under color of law, in their official capa-

city, and their acts were performed pursuant to the customs, policies, usages, practices, procedures and rules of the City of New York and its police department.

126. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and its police department include, but are not limited to the following unconstitutional practices:

a. Wrongfully arresting individuals on the pretext that they are/were involved in illegal vice transactions;

b. manufacturing evidence against individuals allegedly involved in illegal vice transactions;

c. unlawfully searching detainees and/or their property in the absence of any reasonable suspicion that said individuals were concealing weapons or contraband;

d. arresting innocent persons in order to meet "productivity" goals (i.e. arrest quotas); and

e. Wrongfully and reasonably brutalizing innocent members of the public, despite the lack of probable cause to do so.

127. The aforesaid event was not an isolated incident. The City and its police commissioner has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of their police officers unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obviously illegal actions of their fellow officers. Nevertheless, the City and its police commissioner have allowed policies and practices that allow the aforementioned to persist.

128. For example, the well documented failures of the Civilian Complaint Review Board ("the CCRB"), a City agency, to substantiate obviously meritorious citizen complaints have gone uncorrected. The CCRB regularly finds complaints lack credibility based on facts that such complaints have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them. In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the N.Y.P.D., once finding misconduct by an officer.

129. The N.Y.P.D, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The N.Y.P.D. Department Advocate, which is endowed with the responsibility of following up on substantiated CCRB charges, is understaffed and under-utilized. Furthermore, in the extraordinary rare event, such as the matter at bar, that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer, which has been done on many occasions.

130. Further, the City and its police commissioner have no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected.

131. Additionally, according to a report of the New York City Bar Association issued in 2000, the City and Kelly have isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcomes of the civil actions. Alan Hevesi, as New York City Comptroller, in 1999 reported that there was a "a total disconnect" between settlements of even substantial civil claims and police department actions against officers.

The existence of the aforesaid unconstitutional customs and policies may also be inferred from the admission by Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that commanders are permitted to set "productivity goals".

132. Furthermore, the existence of the aforesaid unconstitutional customs and policies may also be inferred from the ruling (Docket entry 32) of the Court (Eastern District of New York), in the case(s) of Jose Colon v. City of New York, et al (09-cv-8) and Maximo Colon v. City of New York, et al (09-cv-9), wherein the Court stated, inter alia, that "Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting officers of the New York City Police Department", and that "there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving the illegal conduct of the kind now charged".

133. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York, constituted a deliberate indifference to

the safety, well-being and constitutional rights of all defendants, including but not limited to the plaintiff; were the proximate cause of, and moving force behind, the constitutional violations suffered by the plaintiff as alleged herein, and deprived plaintiff of the following rights, privileges and immunities secured to him by the Constitution of the United States:

(a) The right of the plaintiff to be secured in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States.

(b) The right of the plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws, secured to him by the Fifth and Fourteenth Amendments to the Constitution of the United States.

(c) The right to be free from unreasonable detention and/or continued detention without probable cause in that the plaintiff was detained.

(d) The right to be free from the use of excessive force.

134. As a result of the actions of the defendants, the plaintiff was deprived of his rights, privileges, and immunities secured by the United States Constitution, in particular, the Fourth, Fifth, and Fourteenth Amendments, in contravention of 42 U.S.C. § 1983 and the laws of New York State, and New York City without just or legal cause when defendant CITY OF NEW YORK, by its employees and/or agents unlawfully arrested and imprisoned the plaintiff thereby depriving him of his liberty without due process of law.

135. The defendant officers were the actual agents of the defendant CITY OF NEW YORK and were following the customs, practices, ordinances and/or regulations of the City of New York when they violated the plaintiff's constitutional and civil rights, and the City of New York is there-

fore responsible for their acts, and liable to the plaintiff for the damages he suffered.

The actual principal/agent relationship between defendant City and the defendant officers was created by the fact they were employees of defendant City, and the City had the right to, and it did indeed regulate and control the activities and conduct of the defendant officers.

136.   Plaintiff hereby demands compensatory, exemplary, nominal, equitable, and punitive damages in the amount of $3,000,000.00 or an amount to be determined at trial against defendant CITY OF NEW YORK, in its' individual capacity.

## RELIEF

WHEREFORE, plaintiff prays for judgment in his favor against defendants for damages in an amount sufficient to punish defendant and compesate plaintiff for his injuries in no event less than $1,000,000.00 and for as follows:

137.   For compensatory damages against all defendants in an amount to be proven at trial;

138.   For exemplary damages against all defendants in an amount to be proven at trial;

139.   For nominal damages against all defendants in an amount to be proven at trial;

140.   For equitable damages against all defendants in an amount to be proven at trial;

141.   For punitive damages against all defendants in an amount to be proven at trial

142.   For such other and further relief as the court deems proper.

I declare under penalty of perjury that the foregoing is true and correct, signed this 24th day of June, 2017.

Anthony Blue
Anthony Blue, Plaintiff
#15A4723
Clinton Annex Corr. Facility
P.O. Box 2002
Dannemora, N.Y. 12929

## CERTIFICATE OF SERVICE

I declare under penalty of perjury on this 24th day of June, 2017. I am delivery this complaint to prison authorities to be mailed to the Pro Se Office of the United States District Court for the Southern District of New York and interested parties listed below:

1. CYRUS R. VANCE, JR
   ERICA O'BRIEN
   ONE HOGAN PPLACE
   NEW YORK, NEW YORK 10013

Anthony Blue
Plaintiff

2. Corporation Counsel of the City
   of New York
   c/o Morgan Mckinney
   100 Church Street, Room 3-221
   New York, N.Y. 10007



RECEIVED
SDNY DOCKET UNIT

2017 JUL -6  AM 10: 30

Anthony Blue
#15A4723
P.O. Box 2002
Dannemora, New York 12929

★ CLINTON CORRECTIONAL FACILITY

USM P3
SDNY

★ CLINTON CORRECTIONAL FACILITY

United States District Court
Southern District of New York
Pro Se Office
500 Pearl Street, Room 230
New York, NY. 10007