**United States District Court**
**Southern District of New York**
_____
ANTHONY BLUE
Plaintiff,

- against -

THE CITY OF NEW YORK, et. al.,

Defendants.

---

**MEMORANDUM OF LAW**
**IN SUPPORT OF DISTRICT ATTORNEY CYRUS R. VANCE AND**
**ASSISTANT DISTRICT ATTORNEY ERIN O'BRIEN'S**
**MOTION TO DISMISS**
**PURSUANT TO FEDERAL RULE 12 (b)(6)**
_____

16 Civ. 9990 (VSB)
_____

CYRUS R. VANCE, JR.
District Attorney
New York County
Attorney for DA and ADA Defendants
One Hogan Place
New York, New York 10013
(212) 335-9152
Karen Edelman-Reyes
Assistant District Attorney
of Counsel

## **TABLE OF CONTENTS**

Page

Introduction ……………………………………………………………………………1

Statement of Facts ........................................................................................................................1

Procedural History........................................................................................................4

Standard of Review........................................................................................................5

Argument........................................................................................................6

I.	Absolute prosecutorial immunity bars plaintiff's individual-capacity §1983 claims against DA Vance and ADA O'Brien........................................................................................................6

II.	Immunities aside, plaintiff fails to state a claim under §1983........................................9

   A.	*Plaintiff fails to state a claim of malicious prosecution as the proceeding was based upon a properly filed Indictment, was not terminated in plaintiff's favor and there was probable cause for plaintiff's prosecution* ........................................................................................................9

   B.	*Plaintiff fails to state a conspiracy claim*…………………………………………….11

   C.	*Plaintiff fails to state a claim for failure to intervene* ……………………………..……14

Conclusion ........................................................................................................15

# **TABLE OF AUTHORITIES**

### **FEDERAL CASES**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................................................5

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ...........................................................5

*Bouche v. City of Mount Vernon*, 2012 U.S. Dist. LEXIS 40246 (S.D.N.Y. Mar. 23, 2012) ...........................................................................................................................14

*Broder v. Cablevision Systems Corp.*, 418 F.3d 187 (2d Cir. 2005) ......................................5

*Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) .....................................................................7-8

*Burns v. Reed*, 500 U.S. 478 (1991) ......................................................................................7

*Ciambriello v. Cnty. of Nassau*, 292 F.3d 307 (2d Cir. 2002) .............................................12

*Crews v. County of Nassau*, 2007 U.S. Dist. LEXIS 94597 (E.D.N.Y. Dec. 27, 2007) ...............................................................................................................................13

*Danielak v. City of New York*, 2005 U.S. Dist. LEXIS 40901 (E.D.N.Y. Sept. 26, 2005) ...............................................................................................................................13

*Dilworth v. Goldberg*, 914 F. Supp. 2d 433 (S.D.N.Y. 2012) .............................................13

*Dory v. Ryan*, 25 F.3d 81 (2d Cir. 1994) ...............................................................................7

*Elleby v. City of New York*, 2016 U.S. Dist. LEXIS 106727 (S.D.N.Y. Aug. 11, 2016) ...............................................................................................................................5

*Gaston v. City of New York*, 851 F. Supp. 2d 780 (S.D.N.Y. 2012) .....................................9

*Giraldo v. Kessler*, 694 F.3d 161 (2d Cir. 2012) ..................................................................8

*Hamling v. United States*, 418 U.S. 87 (1974) ....................................................................11

*Heck v. Humphrey*, 512 U.S. 477 (1994) .............................................................................11

*Herrmann v. Moore*, 576 F.2d 453 (2d Cir. 1978) ..............................................................13

*Hill v. City of New York*, 45 F.3d 653 (2d. Cir. 1994) ...........................................................7

*Honeycutt v. Ward*, 612 F.2d 36 (2d Cir. 1979) ..................................................................11

*Jackson v. Onondaga Cnty.*, 549 F. Supp. 2d 204 (N.D.N.Y. 2008) ...................................14

*Kalina v. Fletcher*, 522 U.S. 118 (1997) .......................................................................................7

*Kanderskaya v. Kelly*, 11 F. Supp. 3d 431 (S.D.N.Y. 2014) ........................................................5

*Keiler v. Harlequin Enters. Ltd.*, 751 F.3d 64 (2d Cir. 2014) ......................................................5

*L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419 (2d Cir. 2011) ..............................................5

*Manganiello v. City of New York*, 612 F.3d 149 (2d Cir. 2010) ..................................................9

*Pinaud v. County of Suffolk*, 52 F.3d 1139 (2d Cir. 1995) ...........................................................7

*Savino v. City of New York*, 331 F.3d 63 (2d Cir. 2003) ..............................................................9

*Schnitter v. City of Rochester*, 556 Fed. Appx. 5 (2d Cir. 2014) .................................................8

*Sheehan v. Colangelo*, 53 Fed. Appx. 584 (2d Cir. 2002) ...........................................................7

*Shmueli v. City of New York*, 424 F.3d 231 (2d Cir. 2005) ................................................. 5-6, 10

*Southerland v. City of New York*, 680 F.3d 127 (2d Cir. 2011) .................................................11

*Townes v. City of New York*, 176 F.3d 138 (2d Cir. 1999) .........................................................12

### FEDERAL: STATUTES, RULES, REGULATIONS, CONSTITUTIONAL PROVISIONS

Eleventh Amendment ....................................................................................................................4

### STATE: STATUTES, RULES, REGULATIONS, CONSTITUTIONAL PROVISIONS

*CPL* § 190.65(3) ...........................................................................................................................13

*Federal Rule of Civil Procedure* 12(b)(6) ....................................................................................1

*New York State Criminal Procedure Law* §§ 190.25(2), (3), (6), 190.55, and
    190.65(3) ..........................................................................................................................10

*New York State Penal Law* §140.25(2) ........................................................................................2

# INTRODUCTION

Plaintiff Anthony Blue alleges that he was falsely arrested and maliciously prosecuted based on allegations by the victim of a burglary and New York City Police Department (NYPD) police officers that Blue entered and remained unlawfully in a Manhattan apartment and removed items therefrom on June 5, 2012. Plaintiff names as defendants the police officer who investigated the burglary and arrested him, Detective Andre Williams, the prosecutor assigned to plaintiff's criminal case, Assistant District Attorney Erin O'Brien, and the District Attorney for the County of New York, Cyrus R. Vance, Jr. DA Vance and ADA O'Brien now move to dismiss the amended complaint pursuant to Rule 12(b)(6), in its entirety and with prejudice, on the grounds of absolute prosecutorial immunity and the fact that plaintiff's claims otherwise fail on the merits.

# STATEMENT OF FACTS

In the spring of 2012, Det. Williams investigated a series of residential burglaries which were reported to the NYPD as having occurred in the confines of the 33rd Precinct, specifically in the area of West 161st Street to West 171st Street. Declaration of Karen Edelman-Reyes ("KER Decl."), Exh. 1 [April 3, 2014 Decision by Hon. Bruce Allen], and Amended Complaint ("Am. Compl."), ¶ 17. The burglaries were labeled as a "pattern" due to the similar way in which each residential burglary was completed, to wit, day time burglaries of unoccupied apartments entered by means of a lock pick and where small round stickers were utilized to cover peepholes of neighboring apartments. KER Decl., Exh. 1. Det. Williams' investigation of the pattern of burglaries, under the supervision of Sergeant Jolt Mena, revealed two separate burglaries of apartments where plaintiff was captured on video (wearing a fedora and a vest) lingering outside of the buildings with a Hispanic male on the

1

day the respective apartments inside were burglarized: June 1, 2012 and June 19, 2012. KER Decl., Exhs. 1 and 3, and Am. Compl., ¶ 17.

On August 27, 2012, Sgt. Mena went to the area of 165th Street and Broadway where he observed plaintiff (wearing a fedora and a vest) crossing the street and a Hispanic male exit the courtyard area of a building located at 615 West 164th Street. KER Decl., Exhs. 1 and 2. Sgt. Mena and other officers approached plaintiff and the Hispanic male, Carnona Puello, whereupon plaintiff and Puello lied about knowing one another, their purpose for being at the location, and Puello was found in possession of gloves, small round stickers, a wallet, a cell phone, and a lock pick. KER Decl., Exhs. 1 and 2. Plaintiff and Puello were both arrested and charged with attempted burglary of 615 West 164th Street. KER Decl., Exhs. 1 and 2, and Am. Compl., ¶ 14.

The following day, August 28, 2012, while plaintiff was still in police custody, he claims that he overheard a telephone conversation between Det. Williams, DA Vance, ADA O'Brien, and others, during which plaintiff alleges that DA Vance and ADA O'Brien advised Det. Williams to falsify documents to support false criminal charges and to falsify a search warrant to illegally enter plaintiff's home. Am. Compl., ¶¶ 20-24. Plaintiff alleges he was then arrested for a second time on August 31, 2012, for the crime of Criminal Possession of Stolen Property at the direction of DA Vance and ADA O'Brien, Am. Compl., ¶ 26, and arraigned on September 1, 2012, in Bronx County for said offenses. Am. Compl., ¶¶ 26-28.

On March 25, 2013, the New York County Grand Jury filed an Indictment charging plaintiff with six (6) counts of Burglary in the Second Degree, in violation of New York State Penal Law §140.25(2), after finding reasonable cause to believe that on May 15, 2012, June 1, 2012, June 5, 2012, June 12, 2012, June 13, 2012 and June 19, 2012, plaintiff and

2

Puello entered and remained unlawfully in six (6) separate dwellings with the intent to commit crimes therein. KER Decl., Exh. 3. As a result of the Indictment, the Supreme Court of the City of New York, County of New York issued a Warrant of Arrest for Anthony Blue. KER Decl., Exh. 4. Plaintiff was arrested for a third time by the Duval County Sheriff's Department, Duval County, State of Florida, on the Warrant of Arrest, and waived extradition to the State of New York before the Hon. John H. Rutherford, Judge of the County Court, Duval County, Florida on May 16, 2013. KER Decl., Exh. 5. He was then transported by PTS of America, LLC, from Duval County to New York County to be returned on the warrant. Am. Compl., ¶¶ 38-40, KER Decl., Exh. 6. Plaintiff alleges that the Indictment is false, a fabrication by ADA O'Brien, and that the Warrant of Arrest is based upon false representations by ADA O'Brien in the form of the fabricated Indictment thereby leading to his arrest by authorities in Jacksonville, Florida, and transport by PTS of America, LLC, from Florida to the State of New York. Am. Compl., ¶¶ 338-40, and KER Decl., Exh. 6.

On June 13, 2012, plaintiff was returned to the New York County Supreme Court, informed of the Indictment, and remanded to the custody of the New York City Department of Corrections without bail. KER Decl., Exh. 3, Am. Compl., ¶¶ 41-42. Plaintiff alleges the Indictment was false and that he, at that moment, became the target of a malicious prosecution by DA Vance and ADA O'Brien. Am. Compl., ¶¶ 33-43.

Plaintiff moved the New York County Supreme Court to, among other things, suppress physical evidence recovered from him, his car, his home, and his cellular phone, and to dismiss the Indictment, KER Decl., Exh. 7-9, as plaintiff claimed each was based upon evidence fabricated by DA Vance and ADA O'Brien, among others. Am. Compl., ¶¶ 15, 18, 21-24, 44-46. Plaintiff also alleges that since the charges associated with his August 27, 2012

arrest were dismissed, any evidence derived therefrom must not be considered in any future proceeding. KER Decl., Exhs. 1-2, 7-9, and Am. Compl., ¶¶ 29, 31. The Supreme Court found that legally sufficient evidence was presented to the Grand Jury support the charges against plaintiff, KER Decl., Exhs. 3 and 7, and that the search warrants were all predicated upon sufficient information to authorize the search of plaintiff's car, home and cellular phone. KER Decl., Exhs. 7-9. On March 20, 2014, a hearing was held regarding property recovered from plaintiff at the time of his arrest on August 27, 2012, KER Decl., Exh. 1, and Am. Compl., ¶¶ 45-46, which resulted in the court finding probable cause to arrest plaintiff and to recover property from his person. KER Decl., Exh. 1. Plaintiff alleges that during said hearing DA Vance and ADA O'Brien appeared and represented the People while Det. Williams gave false testimony. Am. Complaint ¶ 45-46.

On October 1, 2015, a trial on the Indictment commenced, during which plaintiff alleges that Det. Williams gave false testimony after being called as a witness by DA Vance and ADA O'Brien. Am. Compl., ¶¶ 45-47. On October 15, 2015, a jury convicted plaintiff of five (5) of the six (6) counts in the Indictment, KER Decl., Exhs. 1 and 10, but acquitted plaintiff of the June 5, 2012 Burglary count. Am. Compl., ¶ 47, and KER Decl., Exh. 3.

**PROCEDURAL HISTORY**

Plaintiff filed the original complaint on December 28, 2016. ECF No. 2. On June 16, 2017, DA Vance and ADA O'Brien filed a motion to dismiss on the ground of Eleventh Amendment immunity, absolute immunity, and failure to state a claim. ECF No. 20. On July 6, 2017, in response to the motion to dismiss, plaintiff filed the Amended Complaint. ECF No. 27. The Court then Ordered DA Vance and ADA O'Brien to respond

to the amended complaint by July 24, 2017. As plaintiff continues to fail to state a claim against DA Vance and ADA O'Brien as pled, the Amended Complaint should be dismissed in its entirety and with prejudice.

## STANDARD OF REVIEW

On a motion to dismiss, the court accepts as true the factual allegations in the complaint and draws all inferences in the plaintiff's favor. *Keiler v. Harlequin Enters. Ltd.*, 751 F.3d 64, 68 (2d Cir. 2014). However, the plaintiff's allegations must meet the standard of "plausibility." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-557 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facts pleaded "must be enough to raise a right to relief above the speculative level." *Twombly*, *supra*, 555.

In determining whether the plausibility standard has been met, the court is not limited to the allegations in the complaint. *Broder v. Cablevision Systems Corp.*, 418 F.3d 187, 196 (2d Cir. 2005). The court may also consider documents attached to the complaint, documents incorporated by reference into the complaint, documents which are "integral" to the plaintiff's allegations, and any documents of which the court can take judicial notice for the factual background of the case. *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 421-422, 429-430 (2d Cir. 2011). In §1983 cases sounding in false arrest and malicious prosecution, courts routinely take judicial notice of documents relating to the underlying criminal matter. *See, e.g.*, *Shmueli v. City of New York*, 424 F.3d 231, 233 (2d Cir. 2005) ("The [state] prosecution of [the plaintiff] is a matter of public record, of which we may take judicial notice"); *Kanderskaya v. Kelly*, 11 F. Supp. 3d 431, 433 (S.D.N.Y. 2014) (considering police records), *Elleby v. City of New*

*York*, 2016 U.S. Dist. LEXIS 106727, at *4 (S.D.N.Y. Aug. 11, 2016) (considering "arrest reports, criminal complaints, indictments, and criminal disposition data").

## ARGUMENT

Plaintiff seeks to hold DA Vance and ADA O'Brien liable in their individual capacities[1] under §1983 for malicious prosecution, conspiracy and failure to intervene[2]. Am. Compl., ¶¶ 65-121 (1st through 3rd causes of action).

### I. Absolute prosecutorial immunity bars plaintiff's individual-capacity §1983 claims against DA Vance and ADA O'Brien

All claims against DA Vance and ADA O'Brien in their individual capacities are barred by absolute prosecutorial immunity. A prosecutor acting within the scope of his duties in initiating and pursuing a prosecution is immune from suit under federal and state law. *Shmueli v. City of New York*, 424 F.3d 231, 236-238 (2d Cir. 2005). Plaintiff's allegations that DA Vance and ADA O'Brien caused him to be falsely charged or indicted on various offenses, represented the People of the State of New York in court while submitting fabricated evidence either in the Grand Jury or in court, deprived him of a fair trial, conspired with others to deprive him of his constitutional rights, and failed to intervene as another state actor deprived him of his constitutional rights – while conclusory and meritless – fall squarely within the realm of absolute immunity. *See, e.g.*, *Shmueli*, *supra*, 236-239 (malicious prosecution claim

---

[1] Although the original complaint named DA Vance and ADA O'Brien in their official and individual capacities, the Amended Complaint has abandoned claims against the DA defendants in their official capacities.

[2] Likewise, the original complaint included claims against DA Vance and ADA O'Brien for deprivation of a fair trial and fabrication of evidence. Those claims have been removed from the Amended Complaint.

6

against a prosecutor barred by absolute immunity even where prosecutor is alleged to have deliberately withheld exculpatory information and knowingly used perjured testimony), *Kalina v. Fletcher*, 522 U.S. 118, 126 (1997) (absolute immunity barred a claim based on a prosecutor's appearance in court to make a search warrant application and presentation of evidence at a hearing thereon), *Burns v. Reed*, 500 U.S. 478, 490 n.6 (1991) (same, with respect to conduct before the Grand Jury); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) (same, with respect to actions in preparing for the initiation of judicial proceedings, for trial, and in the role of advocate of the State); *Hill v. City of New York*, 45 F.3d 653, 661-662 (2d. Cir. 1994) (same, with respect to *Brady* claim), *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1149-1150 (2d Cir. 1995) (same, with respect to claim arising from bail application). The defense of absolute immunity cannot be overcome where, as here, a plaintiff attempts to allege that a prosecutor "conspired" with others to bring about the charges. *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994). Similarly, merely labeling activity as "investigative" does not defeat a prosecutor's claim to absolute immunity. *Sheehan v. Colangelo*, 53 Fed. Appx. 584, 586 (2d Cir. 2002).

Plaintiff attempts to circumvent absolute immunity by alleging that DA Vance ADA O'Brien engaged in a telephone conversation with Det. Williams on August 28, 2012, (following plaintiff's arrest on August 27, 2012, to develop facts in support of a search warrant for plaintiff's home and vehicle. Am. Compl., ¶¶ 20-22. And, though never mentioned before in any prior pleadings, plaintiff now asserts that ADA O'Brien engaged in yet another speakerphone conversation with Det. Williams regarding further charges in Bronx County related to plaintiff's possession of stolen property. 2d Am. Compl., ¶ 27. Again, setting aside the absurdity and implausibility that an ADA and an investigating detective would conduct speakerphone conversations in the presence of plaintiff defendant, plaintiff does nothing but

further discuss post-arrest investigative steps taken to prove his criminal conduct. Absolute immunity encompasses conduct preliminary to the filing of charges. *Buckley,* 509 U.S. at 270. As explained by the Second Circuit:

> Not every … act by a prosecutor with the potential of revealing new information is an investigative act entitled to only qualified immunity. Good prosecutors may – usually should – perform acts reasonably characterized as investigative at all phases of a criminal proceeding. The investigative acts that are entitled to only qualified immunity are those undertaken in the phase of law enforcement that involves the gathering and piecing together of evidence for indications of criminal activities and determination of the perpetrators. In contrast, investigative acts reasonably related to decisions whether or not to begin or to carry on a particular criminal prosecution … are shielded by absolute immunity when done by prosecutors.

*Giraldo v. Kessler*, 694 F.3d 161, 166 (2d Cir. 2012) (citations omitted) (holding that absolute immunity insulated Queens County prosecutors from a witness' claim that they falsely imprisoned her at the DA's Office and coerced her to make allegations against her boyfriend). The relevant question is whether a "reasonable prosecutor" would view the challenged acts as "within the functions of a prosecutor." *Id.* While not admitting that such a telephone conversation ever took place, and while pointing out the implausibility that the District Attorney himself would take part in such a conversation, taking plaintiff's allegations at face value, DA Vance and ADA O'Brien's alleged discussion with Det. Williams regarding additional evidence to be collected following Det. Williams' arrest of plaintiff – regardless of whether these activities took place prior to the filing of the criminal court complaint – are prosecutorial functions entitled to absolute immunity. *Cf. Schnitter v. City of Rochester*, 556 Fed. Appx. 5, 7 (2d Cir. 2014) (noting that an interview of a witness is a "core part of the prosecutorial process").

8

## II.     Immunities aside, plaintiff fails to state a claim under §1983

### A.     *Plaintiff fails to state a claim of malicious prosecution as the proceeding was based upon a properly filed Indictment, was not terminated in plaintiff's favor and there was probable cause for plaintiff's prosecution*

To sustain a claim for malicious prosecution under § 1983, plaintiff must show: "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions. *Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010) (quotation and citation omitted). The existence of probable cause is an absolute defense to a claim of malicious prosecution. *Manganiello*, 612 F.3d at 161-62, *Gaston v. City of New York*, 851 F. Supp. 2d 780, 794-796 (S.D.N.Y. 2012). "The determination of probable cause in the context of malicious prosecution is essentially the same as for false arrest, except that [a claim for malicious prosecution] must be evaluated in light of the facts known or believed at the time the prosecution is initiated, rather than at the time of arrest." *Gaston*, *supra*, at 793 (quotation omitted). Where, as here, a plaintiff is indicted, there is a presumption of probable cause to prosecute. *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003).

Plaintiff was prosecuted by way of Indictment filed on March 25, 2012, on which his arrest was authorized by Warrant Order issued on the same date. KER Decl., Exhs. 3 and 4. Plaintiff does not advance any plausible allegations that probable cause somehow dissipated between his arrest, his arraignment, and his prosecution by Indictment; to the contrary, plaintiff was indicted by the New York County Grand Jury charging him with six (6) separate counts of Burglary in the Second Degree and the sufficiency of the evidence presented to the Grand Jury to support the charges was upheld by a New York County

9

Supreme Court Justice. KER Decl., Exhs. 3 and 7. DA Vance and ADA O'Brien are entitled to absolute immunity for their pursuit of charges, cut, regardless of that defense plaintiff's malicious prosecution claim fails due to the existence of probable cause based on his prosecution by Indictment, the sufficiency of which was upheld by a New York County Justice of the Supreme Court. KER Decl., Exh. 7.

Beyond a finding of probable cause for plaintiff's prosecution by Indictment, plaintiff's proceeding was not terminated in his favor as he was found guilty following a trial by jury of five (5) of the six (6) counts charged against him in the Indictment. Plaintiff's complaint that he was maliciously prosecuted as to the one (1) count that resulted in a not guilty verdict does nothing to call into question whether probable cause existed to prosecute – which is a significantly lower threshold that proof beyond a reasonable doubt – and plaintiff fails to show any deprivation or harm to plaintiff as the prosecution on the sole charge of which he was acquitted was concurrent with the prosecution on the five charges of which he was indicted. KER Decl., Exh. 10, and 2d Am. Compl., ¶ 47.

Further, plaintiff claims the filing of a false and fabricated Indictment by DA Vance and ADA O'Brien, Am. Compl., ¶ 73, 84, without acknowledging that it is the Grand Jury foreperson who signs the Indictment and files it with the Clerk of the Supreme Court, not the DA Defendants, who are not present when this process takes place. *See New York State Criminal Procedure Law (CPL)* §§ 190.25(2), (3), (6), 190.55, and 190.65(3). The assertion that the Indictment is fabricated would require a conspiracy among the District Attorney's Office, the Grand Jury foreperson, and the Clerk of the Supreme Court – something which plaintiff does not allege and is implausible. In the absence of any specific, non-conclusory

factual allegations, plaintiff's malicious prosecution claim against DA Vance and ADA O'Brien should be dismissed.

Plaintiff's specific claim that the Indictment was a false document fabricated by all defendants, as noted above, is belied by the existence of the Indictment filed by the New York County Grand Jury, not the DA defendants, with the clerk of the New York County Supreme Court, and the upholding of its sufficiency by a New York County Justice of the Supreme Court, and a trial thereon. KER Decl., Exh. 3, 7 and 10. Considering these records and the presumption of regularity that attaches to the records and associated state court judicial proceedings, plaintiff's allegations in this regard are not plausible. *See Honeycutt v. Ward*, 612 F.2d 36, 41 (2d Cir. 1979), *Southerland v. City of New York*, 680 F.3d 127, 154-55 (2d Cir. 2011) (including Grand Jury proceedings), *Hamling v. United States*, 418 U.S. 87, 139 n. 23 (1974) (including judicial proceedings in state courts).

Even were plaintiff's pleading proper, plaintiff fails to plausibly allege how he was deprived of his liberty as he was successfully prosecuted by Indictment filed by the New York County Grand Jury, not the DA defendants, on five (5) counts of the Indictment concurrently with the one (1) count on which the charge was terminated. KER Decl., Exhs. 3, 7 and 10. Such concurrent prosecution with an outcome that was not in plaintiff's favor demonstrates that plaintiff did not suffer any unconstitutional deprivation of liberty. Plaintiff's allegations, in present form, also call into question the validity of his prosecution on the five (5) successful counts in the Indictment and, as such, his claim is barred. *See Heck v. Humphrey*, 512 U.S. 477, 484-87 (1994) (§ 1983 claims which implicate the validity of the underlying criminal conviction are precluded).

### B. *Plaintiff fails to state a conspiracy claim*

"[T]o survive a motion to dismiss on a §1983 conspiracy claim, [the plaintiff] must allege (1) an agreement between a state actor and a private party [or at least two state actors]; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324-325 (2d Cir. 2002). Plaintiff fails to state a conspiracy claim as he asserts vague and conclusory allegations that DA Vance and ADA O'Brien engaged in a conspiracy with each other and with Det. Williams. Plaintiff does not allege any agreement was made between the defendants, fails to allege the unconstitutional injury, and certainly fails to allege an act by DA Vance or by ADA O'Brien conducted in furtherance of any supposed agreement. Am. Compl., ¶¶ 102-105.

Drawing the most liberal of inferences from plaintiff's conclusory allegations, he may be trying to claim there was an agreement about a false allegation contained in the search warrant application to obtain an order to enter plaintiff's home and then to prosecute plaintiff. But even that inference fails as plaintiff does not raise any §1983 claims based on the search warrant – other than to state that the evidence should have been suppressed - and the "fruit of the poisonous tree" doctrine does not apply in § 1983 civil suits. *See Townes v. City of New York*, 176 F.3d 138, 145, 148-149 (2d Cir. 1999). Further, each search warrant was deemed proper and the evidence recovered therefrom admissible at plaintiff's trial where he was found guilty of five (5) of six (6) counts of Burglary in the Second Degree based upon the Indictment. KER Decl., Exhs. 3, 7-10.

Plaintiff further conclusory allegation that DA Vance and ADA O'Brien engaged in some sort of agreement to file a "false indictment," also fails. Am. Compl., ¶ 102. Even if deemed plausible, plaintiff's claim is barred by "intra-corporate conspiracy" doctrine under

12

which a conspiracy cannot exist among employees of the same agency because the alleged acts are "essentially a single act by a single corporation acting exclusively through its own directors, officers, and employees, each acting within the scope of his employment." *Herrmann v. Moore*, 576 F.2d 453, 459 (2d Cir. 1978); *see also Crews v. County of Nassau*, 2007 U.S. Dist. LEXIS 94597 (E.D.N.Y. Dec. 27, 2007) (same principle applies to a municipal entity such as a county). DA Vance and ADA O'Brien cannot conspire with one another as at the time of the filing of the Indictment charging plaintiff with six (6) residential burglaries as each DA defendant was "acting within the scope of [their] employment [and] are legally incapable of conspiring with each other. *Herrmann v. Moore, 576 F.2d at 459, supra*; *see also Dilworth v. Goldberg*, 914 F. Supp. 2d 433, 466 (S.D.N.Y. 2012) (county cannot conspire with itself), *Danielak v. City of New York*, 2005 U.S. Dist. LEXIS 40901 (E.D.N.Y. Sept. 26, 2005) (no § 1983 conspiracy claim where all individual defendants were NYPD employees acting within the scope of their employment), *aff'd.* 209 F. App'x 55 (2d Cir. 2006). The filing of a false Indictment would require a much broader conspiracy that among DA Vance and ADA O'Brien in any event. Since an Indictment is filed by the Grand Jury through its foreperson, *CPL § 190.65(3)*, the conspiracy would require the Grand Jury foreperson to conspire with his or her fellow Grand Jurors to fabricate an Indictment, forward the Indictment to the Grand Jury clerk, a Supreme Court Clerk, who would then file the false Indictment with the Supreme Court Clerk for the forwarding to a Supreme Court Justice who would have to continue the conspiracy by informing the criminal defendant, here, plaintiff, of criminal charges by way of Grand Jury Indictment, and arraign plaintiff thereon. This set of circumstances is simply implausible, has not been alleged and, notably, would not include the DA defendants at any point in time.

### C. *Plaintiff fails to state a claim for failure to intervene*

To establish a claim for failure to intervene, plaintiff must show (1) that the officer's failure to intervene "permitted fellow officers to violate [plaintiff's] clearly established statutory or constitutional rights," and (2) that it was "objectively unreasonable for him to believe that his fellow officers' conduct did not violate those rights." *Ricciuti*, 124 F.3d at 129. Plaintiff asserts that DA Vance and ADA O'Brien failed to intervene to prevent each other and Det. Williams from depriving plaintiff of his constitutional rights. Am. Compl. ¶¶ 111-116. Plaintiff's claims should be dismissed as they are merely conclusory and generalized as to all defendants. Such allegations do not give DA Vance nor ADA O'Brien "fair notice of what [Plaintiff's] claim is and the grounds upon which it rests." *Jackson v. Onondaga Cnty.*, 549 F. Supp. 2d 204, 212 (N.D.N.Y. 2008) (quotation omitted); *see also Bouche v. City of Mount Vernon*, 2012 U.S. Dist. LEXIS 40246 at *7 (S.D.N.Y. Mar. 23, 2012) (dismissing failure to intervene claim where the plaintiff "fail[ed] to distinguish which … defendant was responsible for actually violating [his] constitutional rights and which, if any defendant failed to intervene to prevent such violations from occurring"). And, as demonstrated above, plaintiff's rights were not violated at any time during his lawful prosecution.

## CONCLUSION

For the above reasons, it is respectfully requested that the Court enter an Order pursuant to Rule 12(b)(6) dismissing the complaint as pled against DA Vance and ADA O'Brien with prejudice.

Dated:    New York, New York
          July 24, 2015

CYRUS R. VANCE, JR.
District Attorney of New York County, as
Special Assistant Corporation Counsel
*Attorney for Defendants District Attorney Cyrus R. Vance and Assistant District Attorney Erica O'Brien*
One Hogan Place
New York, New York 10013
(212) 335-9000

By:    _____/s_____
       Karen Edelman-Reyes
       Assistant District Attorney