UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

ANTHONY   BLUE,

             Plaintiff,

     -against-

THE CITY OF NEW YORK, et al.,

            Defendants

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8-4-17

NOTICE OF OPPOSITION

TO MOTION TO DISMISS

No. 16-CV-9990 (VSB)

PLEASE TAKE NOTICE, that upon the Declaration of Anthony Blue, dated July 29, 2017 and exhibits annexed thereto, the memorandum of law dated July 29, 2017, and upon all prior proceedings herein, Plaintiff will move this Court before the Honorable Vernon S. Broderick, United States District Judge, at the Thurgood Marshall United States Courthouse for the Southern District of New York, located at 40 Foley Square, New York, New York, on a date determined by the Court, to deny defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6), as well as for any further relief the court deems just and proper.

Dated : Dannemora, New York
       July 29, 2017

                      Anthony Blue
                      Anthony Blue, Plaintiff
                      # 15A4723
                      Box 2002
                      Dannemora, N.Y. 12929

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

ANTHONY BLUE,

                            Plaintiff,

        -against-

THE CITY OF NEW YORK, et al.,

                            Defendants.

DECLARATION OF
ANTHONY BLUE IN
OPPOSITION OF
DEFENDANTS' MOTION
TO DISMISS

No. 16-CV-9990 (VSB)

        ANTHONY BLUE, declares, pursuant to 28 U.S.C. § 1749, under penalty of perjury, that the following is true and correct:

1.      I am the plaintiff in the above captioned action. As such, I am familiar with the facts stated below and submit this declaration to place the relevant documents on the record in support of my opposition of defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6).

2.      Annexed hereto as Exhibit "A" is a copy of letters from a court Clerk.

3.      Annexed hereto as Exhibit "B" is a copy of letters from from defendants CYRUS VANCE, JR and ERICA O'BRIEN's office.

Dated : Dannemora, New York
        July 29, 2017

                                    Anthony Blue
                                    Anthony Blue, Plaintiff
                                    #15A4723
                                    P.O. Box 2002
                                    Dannemora, N.Y. 12929

# EXHIBIT





Supreme Court
of the
State of New York

100 CENTRE STREET
NEW YORK, N.Y. 10013

March 30, 2017

Mr. Anthony Blue 14A4723
Five Points Correctional Facility
State Route 96 P.O. Box 119
Romulus, NY 14541

Re:   Copies of Court Documents
Ind.# 01402-2013

Dear Mr. Blue:

In response to your request, enclosed please find a copy of the relevant part of CPLR 8019(f)
where it is stated that the maximum per record is now $40. It refers to courts outside of New
York City.
As Stated in previous letters, the fee as set by law for certified copies is $8.00 for any document
in your file from one up to 80 pages long. A disposition is $10.00. Or you can have someone
copy all the public documents in your file for $0.25 cents per page using the copiers provided in
the Clerk's Office at 100 Centre St. Room 1000 on the 10th Floor.
Be further advised that the Indictment is not filed by a Clerk but by the District Attorney's Office
and that Grand Jury information is not public.

Respectfully yours,

Fernando Parra, SCC
Court Action Processing Unit
Supreme Court, Criminal Term

Encl.

# EXHIBIT



DISTRICT ATTORNEY
COUNTY OF NEW YORK
ONE HOGAN PLACE
New York, N. Y. 10013
(212) 335-9000



CYRUS R. VANCE, JR.
DISTRICT ATTORNEY

April 25, 2017

Anthony Blue
15-A-4723
Clinton Correctional Facility
P.O. Box 2002
Dannemora, New York 12929

Re: F.O.I.L. Request
Ind. No. 1402/2013

Dear Mr. Blue:

As you are aware, I am an Assistant District Attorney in New York County and have been assigned to be the Records Access Officer in connection with your request under the Freedom of Information Law (F.O.I.L.). The request was received by this office on or about April 3, 2017.

I have researched the case and am ready to rule on your request. According to our records, your conviction is still under appeal. As such, your case is still pending, and therefore your request is denied. Disclosure of documents during a pending proceeding would interfere with handling of the appeal as well as with any further investigation that might be necessary. Moreno v. New York County District Attorney's Office, 38 A.D.3d 358 (1st Dept. 2007). See Public Officers Law § 87(2)(e)(I); see also Matter of Legal Aid Socy. v New York City Police Dept., 274 A.D.2d 207 (1st Dept. 2000); Pittari v. Pirro, 258 A.D.2d 202 (2nd Dept. 1999); Matter of Sideri v Office of the Dist. Attorney of N.Y. County, 243 A.D.2d 423 (1st Dept. 1997).

The Freedom of Information Law Appeals Officer is Patricia J. Bailey, Bureau Chief, Special Litigation Bureau, New York County District Attorney's Office, 1 Hogan Place, New York, New York 10013.

Sincerely,

Anne-Marie Whelan
Assistant District Attorney
Records Access Officer

TABLE OF CONTENTS

Introduction ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ 1

Statment of Facts ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ 2

Procedural History ⎯⎯⎯⎯⎯⎯⎯⎯⎯ 3

Standard of Review ⎯⎯⎯⎯⎯⎯⎯⎯⎯ 4

Argument ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ 4,5

    I. ALL CLAIMS AGAINT DEFENDANTS IN THEIR INDIVIDUAL
    CAPACITIES IS NOT BARRED BY ABSOLUTE PROSECUTORIAL
    IMMUNITY. ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ 5

    II. PLAINTIFF HAS PLAUSIBLY STATED CLAIMS UNDER
    42 U.S.C. § 1983 AND STATE LAW. ⎯⎯⎯⎯⎯⎯ 6,7

        A. There was no properly filed indictment, the false charge
        was terminated in plaintiff's favor and there was no probable
        cause for plaintiff's prosecution. ⎯⎯⎯⎯⎯⎯ 7

        B. Plaintiff has plausibly alleged a conspiracy between
        all defendants. ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ 8

        C. Plaintiff has plausibly alleged a claim for failure to
        intervene. ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ 12

Conclusion ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ 13

TABLE OF AUTHORITIES

FEDERAL CASES

Anderson v. Liberty Lobby, 477 U.S. 242 (1986) ⎯⎯⎯⎯ 4

Bernheim v. Litt, 79 F.3d 318 (1996) ⎯⎯⎯⎯⎯⎯⎯ 4

Barbera v. Smith, 836 F.2d 96 (1987) ⎯⎯⎯⎯⎯⎯⎯ 5

Biggs v. City of New York, No. 08-CV-8123, 2010 WL 4628360 ⎯⎯ 13

Burges v. Hopkins, 14 F.3d 787 (1994) _____ 4

Buckley v. Fitzsimmons, 509 U.S. 259 (1987) _____ 5

Ciambriello v. City of Nassau, 292 F.3d 307 (2002) _____ 9

Conley v. Gibson, 355 U.S. 41 (1957) _____ 4

Cooper v. Parsky, 140 F.3d 433 (1998) _____ 4

Ex parte Bain, 121 U.S. 1 (1887) _____ 7

Imbler v. Pachtman, 424 U.S. 409 (1976) _____ 5

Kalina v. Fletcher, 522 U.S. 118 (1997) _____ 5

Lewis v. Brautigam, 227 F.2d 124 (1945) _____ 5

Matthews v. City of New York, 899 F. Supp. 2d 418 (2012) _____ 13

Ricciuti v. N.Y.C. Transit Auth., 124 F.3d 123 (1997) _____ 12

Shmueli v. City of New York, 424 F.3d 231 (2005) _____ 5,12

Soto v. Walker, 44 F.3d 169 (1995) _____ 4

Village Pond, Inc. v. Town Darien, 56 F.3d 375 (1995) _____ 4

### STATE CASES

People ex rel., Battista v. Christian, 249 N.Y. 314 (1928) _____ 7

Rodrigues v. City of New York, 193 A.D. 2d 79 (1993) _____ 11

### FEDERAL : STATUTES, RULES, REGULATIONS, CONSTITUTIONAL, PROVISIONS

42 U.S.C. § 1983

42 U.S.C. § 1985                                         8, 9, 13

Rule 12(b)(6)                                              8

Rule 56(c)                                              1, 3, 12, 13

Fifth Amendment                                          2

Sixth Amendment                                          7, 11

Fourteenth Amendment                                     11

                                                         11

STATE : STATUTES, RULES, REGULATIONS, CONSTITUTIONAL PROVISIONS

C.P.L § 190.65 _____ 8

C.P.L § 190.75 (3) _____ 8

N.Y.S. Constitution  Article I. § 6 _____ 7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---

ANTHONY BLUE
Plaintiff,


- against -


THE CITY OF NEW YORK, et. al,
Defendants.

---

MEMORANDUM OF LAW

IN SUPPORT OF ANTHONY BLUE'S MOTION IN

OPPOTION TO DEFENDANTS' MOTION

TO DISMISS PURSUANT TO

FEDERAL RULE 12(b)(c)

---

16 Civ. 9990 (VSB)

---

ANTHONY BLUE

Plaintiff

#15A4723

Box 2002

Dannemora, New York 12929

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

ANTHONY BLUE,

               Plaintiff,

      -against-

THE CITY OF NEW YORK, et al.,

              Defendants.

Jury Trial Demanded

No. 16-CV-9990 (VSB)

## MEMORANDUM OF LAW IN OPPOSITION OF DEFENDANTS' MOTION TO DISMISS

Plaintiff, Anthony Blue, respectfully submit this memorandum of law in opposition of defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6).

## Introduction

Plaintiff has filed a complaint alleging he was arrested, maliciously prosecuted, deprived of a right to a fair trial, injured by failure to intervene, deprived of constitutional rights by way of conspiracy and municipal liability based on allegations of defendants manufacturing false documents and statements. Plaintiff has named defendants, Detective Andre Williams, D.A. CYRUS R. VANCE, Jr. and A.D.A. Erica O'Brien in complaint. D.A. Vance and A.D.A. O'Brien now move to dismiss the amended complaint pursuant to Rule 12(b)(6), in its entirety and with prejudice, on the grounds of absolute prosecutorial immunity and the fact that plaintiff claims other wise fail on the merits. Plaintiff now opposes defendants' motion.

<u>PRELIMINARY    STATEMENT</u>

On August 28, 2012 defendants CYRUS VANCE, JR. and ERICA O'BRIEN conspired with ANDRE WILLIAMS and others to to falsify documents and statements to arrest and maliciously prosecute plaintiff; in addition to, advising defendant ANDRE WILLIAMS and others to perjure search warrant affidavits, search plaintiff home without a valid warrant. Am. Compl. ¶¶ 20-24. Defendants instructed defendant Andre Williams and others to arrest plaintiff again and to perjure a complaint of possesion of stolen property for an incident never reported in their search warrants. Am. Compl., 26-28. The false charges of attempted burglary and stolen property were dismissed and sealed March 13, 2013 and September 14, 2014. Am. Compl., ¶¶ 31, 43.

On March 25, 2013 defendants CYRUS VANCE, JR. and ERICA O'BRIEN filed a false indictment manufactured by them with a court clerk misleading the court clerk to believe it was a superseding indictment which does not need to be filed by a foreman to circumvent the mode of proceedings causing the initiation of the illegal proceedings under the guise of presumption of regularity. There was no complaints filed in criminal court nor was there a grand jury vote to indict plaintiff for the charge terminated in his favor. Am. Compl., ¶¶ 34-37

Between May 15, 2013 and June 13, 2013, Plaintiff was arrested and arraigned on the false charges manufactured by defendants. Am. Compl., 38-41.

Between June 13, 2013 and October 1, 2015 Counsel for Plaintiff filed numerous challenges to the false testimony and

documents presented to the courts by defendants but neglected to raise the issue that none of the alleged testimony and documents were relevant to the false charge terminated in plaintiff's favor.

On October 13, 2015 defendants CYRUS VANCE, JR. and ERICA O'BRIEN called defendant ANDRE WILLIAMS to perjure testimony in an attempt to deprive plaintiff of a fair trial. Am. Compl., ¶¶ 45-46

On October 15, 2015, a jury found plaintiff not guilty of committing a Burglary on June 5, 2012. Am. Compl., 47.

For a complete statement of the relevant and undisputed facts, the Court is respectfully referred to Plaintiff's Declaration pursuant to Rule 56(c) dated July 29, 2017 (herein after "Plan. Dec, Ex`.`"), submitted concurrently here with.

## PROCEDURAL HISTORY

Plaintiff filed a complaint on December 28, 2016. ECF No. 2. On June 16, 2017 D.A. Vance and A.D.A. O'Brien filed a motion to dismiss on the ground of Eleventh Amendment immunity, absolute immunity, and failure to state a claim. ECF No. 20. On July 6, 2017, in response to the motion to dismiss plaintiff filed a response with an Amended complaint. ECF No. 27. The Court Ordered defendants to answer by July 24, 2017. Defendants filed response on July 24, 2017 alleging plaintiff continues to fail to state a claim against D.A. Vance and Erica O'Brien and the Amended Complaint should be dismissed. Plaintiff is now responding in opposition to dismiss.

## STANDARD OF REVIEW

In reviewing a motion to dismiss, this court must accept the factual allegations set forth in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. See Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996). "A complaint may not be dismissed under Fed. R. Civ. P. 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir. 1998) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed 2d 80, 78 S.Ct. 99 (1957). In other words, the issue before this court on a motion to dismiss "is not whether ... plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Village Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995) (citation omitted), cert. denied, 519 U.S. 808, 136 L. Ed. 2d 14, 117 S.Ct. 50 (1996). Moreover, where, as here, plaintiff is proceeding pro se, his complaint and supporting papers must be read "liberally" and interpreted to "raise the strongest argument that they suggest." Soto v. Walker, 44 F.3d 169, 173 (2d Cir. 1995) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). "However, assessment of credibility, conflicting versions of events, and weight to be assigned to evidence are for the jury, not the court." See Anderson v. Liberty Lobby, 477 U.S. 242, 250-255; 106 S.Ct. 2505, 91 L. Ed. 2d 2002 (1986).

## ARGUMENT

I.   ALL CLAIMS AGAINST DEFENDANTS IN THEIR
     INDIVIDUAL CAPACITIES IS NOT BARRED BY
     ABSOLUTE PROSECUTORIAL IMMUNITY.

Absolute immunity is an affirmative defense whose availability depends on the nature of the function being performed by the defendant official who is alleged to have engaged in the challenged conduct, see, e.g., Imbler v. Pachtman, 424 U.S. 409, 430; 96 S. Ct. 984, 47 L.Ed. 2d 128 (1976), the nature of that function is often clear from the face of the complaint. "A quasi-judicial officer, such as a prosecuting attorney, who acts outside the scope of his jurisdiction and without authorization of law, cannot shelter himself from liability by the plea that he is acting under color of office." Lewis v. Brautigam, 227 F.2d 124, 129 (5th Cir. 1955). When a district attorney functions outside his or her role as an advocate for the People, the shield of immunity is absent. Immunity does not protect those acts a prosecutor performs in administration or investigation not undertaken in preparation for judicial proceedings. Buckley v. Fitzsimmons, 509 U.S. 259, —, 113 S. Ct. 2606, 2613, 2614; Barbera v. Smith, 836 F.2d 96, 100 (2d Cir. 1987). Prosecutor acting as a complaining witness is not entitled to absolute prosecutorial immunity. See Kalina v. Fletcher, 522 U.S. 118, 118 S. Ct. 502 (1997)

Here, defendants argue that claims against them are barred in their individual capacities by prosecutorial immunity. Sighting Shmueli, 424 F.3d 231. and other cases which bare no similance to the case at bar. All those cases addressed post arraignment malicious prosecution claims. Plaintiff never alleged the witholding of

5

exculpatory information, prosecutor's appearance in court for warrants and presentation of evidence at hearings, conduct at Grand Jury, or preparing for the initiation of judicial proceedings, for trial in the role of advocate of the State.

Plaintiff alleged in detail that he observed the defendants CYRUS R. VANCE, JR. and ERICA O'BRIEN conspire with defendant ANDRE WILLIAMS to falsify arrest reports, affidavits and other false evidence; in addition to, advising the defendant and others how to prepare and forward it to their office. Am. Compl. ¶ 20-27 None of those acts fall within the function of a state advocate in preparation for judicial proceedings, nor as investigative or administrative.

Secondly, plaintiff alleged that the defendants CYRUS R. VANCE, JR. and ERICA O'BRIEN acted outside of their official capacities and without jurisdiction and authority by filing a false indictment manufactured by them to mislead a court clerk into initiating criminal proceedings and plaintiff's arrest, arraignment, trial and aquittal on a false charge. Am. Compl., ¶¶ 34-47. The act of submitting fraudulent documents of constitutional dimension in open court or out as in this case by the defendants is in no way connected to any roles of a prosecutor. The defendants have no objective reasonability to believe their actions were lawful or fall within the realm of absolute prosecutorial immunity.

For the reasons stated above the defendants' motion to dismiss should be denied.


II    PLAINTIFF HAS PLAUSIBLY STATED CLAIMS UNDER

## 42 U.S.C. § 1983 AND STATE LAW

A.     There was no properly filed indictment, the false charge
was terminated in plaintiff's favor and there was no probable
cause for plaintiff's prosecution.

The language of the Fifth Amendment of the United States of
America Constitution is the same as Article I, § 6 of the United
States Constitution, which provides: "No person shall be held to
answer for a capital or otherwise infamous crime ... unless on
Presentment or indictment of a grand jury." "Until the grand jury
has acted, no court can aquire jurisdiction to try the charge
... any conviction thereafter obtained would be a nullity." People
ex rel., Battista v. Christain, 249 N.Y. 314, 319-321 (1928); see
also Ex parte Bain, 121 U.S. 1, 13-14 (1887)

Here the defendants argue that their motion to dismiss
should be granted because probable cause to prosecute existed
because an indictment was filed on March 25, 2012 as well as
a Warrant Order issued on the same date. see KER Decl., Exhs.
3 and 4. The indictment the defendants continue ... to proffer
to this court is not authentic. For starters it is not time,
dated stamped reciept by the Clerk of Court as filed, it
is not accompanied with sworn affidavits of the foreman
or clerk that it was filed on March 25, 2013, there is no
Grand Jury vote sheet, G.J. sect. notes or reports and last but
not least no transcripts of the proceedings on March 25, 2013
of a foreman ever entering open court to present an indictment
Charging plaintiff with the alleged crime on June 5, 2012

7

which was terminated in plaintiff's favor by jury acquittal.

Plaintiff further notes that the proffered indictment has 2nd Grand Jury Part 1 March 25, 2013 stamped on it. which is not a filing date. The defendants used that to circumvent mode of proceedings to mislead the courts and hide behind presumption of regularity to file their false indictment. There is no record of a first grand jury proceeding or any record of judicial permission to resubmit from an impaneling judge. pursuant to C.P.L. § 190.65; 190.75(3). Plaintiff has requested these records on numerous occasions from defendants and the courts. see Plan. Dec., Ex "A" and "B", they all respond with the smoke screen excuse of grand jury secrecy. Plaintiff agrees the proceedings may be secret but the presentment of an indictment in open court on the record is not. There is no record of a grand jury filing an indictment, the surplus documents in defendants declaration does not prove the existence of a properly filed indictment or a grand jury action.

For the reasons stated above the defendants' motion to dismiss should be denied.


B.      Plaintiff has plausibly alleged a conspiracy between all
        defendants.

"To survive a motion to dismiss on a § [1985], 1983 conspiracy claim, [the plaintiff] must allege (1) an agreement between a state actor and a private party [or at least two state actors]; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages."

Giambriello v. Cnty. of Nassau, 292 F.3d 307, 324~325 (2d Cir. 2002).

Here defendants argue that plaintiff fails to state a conspiracy claim because of vague and conclosory allegations. The Second Circuit requires a plaintiff to allege details as to the " time and place and the alleged effect of the conspiracy." see Giambriello at 307, 325. Plaintiff has plausibly plead the defend ants conspired to deprive plaintiff of a fair trial in his original complaint and amended. Defendants pointed out that plaintiff has removed the deprivation of a fair trial and fabri- cation of evidence from his Amended Complaint. The ommission was accidental and was suppose to be lines 91 thru 99 see Am. Compl. ¶ 90, 100. Plaintiff will add now that cause of action in which defendants can still respond in seven days. If this is does not suffice Plaintiff request that the court allows a final amended complaint to be submitted by plaintiff.

AS A FIFTH CAUSE OF ACTION: AGAINST DEFENDANTS CYRUS R. VANCE, JR., ERICA O'BRIEN AND ANDRE WILLIAMS: DENIAL OF A RIGHT TO A FAIR UNDER 42 U.S.C. §1983

107. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 106 of the amended complaint as though full set forth therein.

108. The defendants ANDRE WILLIAMS, ERICA O'BRIEN and CYRUS VANCE, JR. were investigative officicals in the malicious prosecutions initiated August 31, 2012, March 25, 2013 and June 5, 2012

109. All of the defendants fabricated documents, testimony and

evidence to influence a jury's decision.

110.    The defendant ANDRE WILLIAMS forwarded false documents, statements and evidence to the New York County D.A.'s Office at the behest of defendants CYRUS VANCE, JR and ERICA O'BRIEN.

111. The defendants CYRUS VANCE, JR and ERICA O'BRIEN forwarded false documents, statements and evidence to the New York County D.A.'s Office and New York County State Supreme Court to influence a jury decision.

112. The Plaintiff suffered a deprivation of liberty as a result of the above defendants' misconduct.

113.    All of the above defendants were directly involved in the initiation of the false criminal proceedings against the plaintiff.

114.    All of the above defendants acted with malice in continuing criminal proceedings against the plaintiff

115.    All of the above defendants misrepresented and falsified evidence throughout all phases of the false criminal proceeding.

116.    The defendants CYRUS VANCE JR. and ERICA O'BRIEN acted as complaining witnesses and forwarded a fraudulent indictment to the court to initiate criminal proceedings against the plaintiff.

117.    By creating false documents, statements and evidence against the plaintiff; forwarding false documents, statements and evidence to prosecutors and courts throughout the entire criminal proceeding and trial, each defendant violated the plaintiff's constitutional rights to a fair trial under the Due Process Clause of the

Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

118.   As a direct and proximate result of the above defendants misconduct, I have been injured mentally and physically.

119.   Plaintiff hereby demands compensatory, exemplary, nominal, equitable, and punitive damages, in the amount of $400,000.00 or an amount to be determined at trial, against the defendant ANDRE WILLIAMS, in his individual and personal capacity.

120.   Plaintiff hereby demands compensatory, equitable, exemplary nominal and punitive damages, in the amount of $1,500,000.00 or an amount to be determined at trial against defendant CYRUS VANCE, JR., in his individual and personal capacity.

121.   Plaintiff hereby demands comensatory, equitable, exemplary nominal and punitive damages, in the amount of $500,000.00 or an amount to be determined at trial against defendant ERICA O'BRIEN, in her individual and personal capacity.

Continuing, Plaintiff has plausibly plead a conspiracy to deprive plaintiff of a fair trial with specific sentences and detailed time and places of events, and acts the defendants engaged in.

Absolute immunity does confer broad protection upon prosecutors from civil liability for their official duties. Yet," where the prosecutor acts without clear jurisdiction and without any colorable claim of authority the prosecutor loses the absolute immunity he would otherwise enjoy." Rodrigue[s] v. City of New York, 193 A.D. 2d 79, 86, 602 N.Y.S 2d 337 (1st Dept. 1993) "Plaintiff specifically alleges that the ADAs knew the charges

against her were false and knew that Shmueli was innocent of the alleged offenses, but the ADAs prosecuted it [sic] nonetheless. Thus plaintiff has sufficiently alleged acts by the ADAs defendants that, if true, would be "in clear absence of all jurisdiction". So, ... at least on a 12(b)(6) motion, there is enough here for me to say that absolute immunity does not bar this §1983 claim ... " see Shmueli v City of New York, 424 F.3d 231, 235-236 (2005) In this case Plaintiff has alleged more than just D.A.'s knowing innocence see Am. Compl., ¶¶ 19-25, 33-42.

For the reasons stated above the defendants motion to dismiss should be denied.

C.   Plaintiff has plausibly alleged a claim for failure to intervene.

To establish a claim for failure to intervene, plaintiff must show (1) the officer's failure "permitted fellow officers to violate [Plaintiff's] clearly established statutory or constitutional rights," and (2) it was "objectively unreasonable for him to believe that his fellow officers' conduct did not violate those rights." Ricciuti, 124 F.3d at 129.

Here defendants argue that plaintiff fails to state a claim due to vague and conclusory allegations.

Plaintiff has stated allegations in previous complaints of the actions and agreements of all defendant's in permitting each other to violate plaintiff's rights and it was unreasonably for them to believe that their actions did not violate plaintiff's rights. "Where a plaintiff has properly alleged a constitutional

violation, he is "entitled to discovery to determine which officers participated directly in the alleged constitutional violations and which officers were present and failed to intervene." Matthews v. City of New York, 899 F. Supp. 2d 418, 444 (E.D.N.Y. 2012) (citing Biggs v. City of New York, No. 08-CV-8123, 2010 WL 4628360, at* 6 n. 12 (S.D.N.Y. Nov. 16, 2010). There has been no discovery phase as of yet in this case.

For this reason stated above the defendants' motion to dismiss should be denied

CONCLUSION

For all the reasons stated above, it is respectfully requested that the Court enter an Order denying defendants' motion to dismiss pursuant Rule 12(b)(6) with prejudice.

_Anthony Blue_
Anthony Blue, Plaintiff
# 15A4723
P.O. Box 2002
Dannemora, N.Y. 12929

I declare under penalty of perjury on this 29th day of July, 2017. I am delivering this Notice, Declaration and Memorandum of Law and Copies of to Prison Officials to be mailed to the Pro Se Office of the U.S.D.C. of the Southern District and defendants CYRUS VANCE, JR. and ERICA O'BRIEN.

_Anthony Blue_
Plaintiff

Anthony Blue
#16A4723
Clinton Correctional Facility
P.O. Box 2002
Dannemora, New York 12929

THIS ENVELOPE TO
BE USED FOR LEGAL
MAIL ONLY

2017 AUG -4 AM10:26
SDNY DOCKETING
UNIT

United States District Court
Southern District of New York
Pro Se Office, Room 230
500 Pearl Street
New York, New York 10007

USM
SDNY
P3

Clinton
Correctional Facility

NEOPOST
08/01/2017
US POSTAGE $001.33°
ZIP 12929
041M11274429