UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY BLUE,

               Plaintiff,

     -against-

CITY OF NEW YORK, sued in official
Capacity; CYRUS VANCE, JR., sued in
personal and individual capacity; ERICA
O'BRIEN, sued in personal and individ-
ual capacity; ANDRE WILLIAM, sued in
personal, individual and official capacity.

              Defendants.

SECOND
AMENDED COMPLAINT
No. 16-CV-4490 (VSB)

JURY TRIAL
DEMANDED


RECEIVED
SDNY PRO SE OFFICE
2017 AUG 15

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/15/17

## COMPLAINT

    Plaintiff, ANTHONY BLUE, hereby appears in this action
Pro Se, and request that all papers be served upon, at addresses below,
in this matter.

    Plaintiff, ANTHONY BLUE, complaining of the above defendants,
CITY OF NEW YORK; CYRUS VANCE, JR.; ERICA O'BRIEN and ANDRE
WILLIAMS, collectively referred to as the defendants, upon information
and belief alleges as follows:

## NATURE OF THE ACTION

1.    This is an action at law to redress the deprivation of rights
secured to the plaintiff under color of statutes, ordinance, regulation,

custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983, 1985 and 1986, and arising under the laws and statutes of the State of New York.

## JURISDICTION

2.  The jurisdiction of this Court is invoked under 28 U.S.C. § 1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourteenth Amendment to the Constitution of the United States. Jurisdiction of this Court exist pursuant to 42 U.S.C. § 1983 and under the Fourth, Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution.

3.  All causes of action not relying exclusively on the aforementioned federal cause of action as a basis of this Court's jurisdiction pursuant to 28 U.S.C. § 1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

4.  As the deprivation of rights complained of herein occured within the Southern District of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## SATISFACTION OF THE PROCEDURAL PREREQUISITES FOR SUIT

5.  There were no conditions precedent to the filing of this action. Defendant CITY OF NEW YORK is being sued in its official capacity and was served with a notice of claims, defendants CYRUS VANCE, JR., ERICA O'BRIEN and ANDRE WILLIAMS are being sued individually, no notices were required.

6.   At least thirty days have elapsed since the service upon defendant CITY OF NEW YORK of the above mentioned notice of claims, and settlement or payments have been neglected and or refused.

7.   This action, pursuant to New York State and City Law has been commenced within the time statutes of the occurrence of the incidents.

## PARTIES

8.   Plaintiff, ANTHONY BLUE, currently resides at #15A4723, Clinton Annex Correctional Facility, P.O. Box 2002, Dannemora, New York 12929, in the State of New York.

9.   Defendant, CITY OF NEW YORK, is a municipality in the State of New York located at, 100 Church St., 5th Floor, New York, N.Y. 10007.

10.   Defendants, CYRUS VANCE, JR. and ERICA O'BRIEN's, last known address, One Hogan Place, New York, N.Y. 10013

11.   Defendant, ANDRE WILLIAMS, last known address, 2207 Amsterdam Ave., New York, N.Y. 10032. Defendant is represented by Zachary W. Carter, Corporation Counsel of the City of New York, 100 Church St. Room 3-217, New York, N.Y. 10007.

## PREVIOUS LAWSUIT BY PLAINTIFF

12.   Plaintiff has a pending suit before this court, Blue v. City of New York, et al., No. 14-CV-7836(VSB)(the "related case") dealing with different allegations and facts in which defendants CYRUS VANCE, JR. and ERICA O'BRIEN are not named defendants but defendants CITY OF NEW YORK and ANDRE WILLIAMS are, nor is this suit related to plaintiff's detention.

## EXHAUSION OF ADMINISTATIVE REMEDIES

13.   Plaintiff has no administrative remedies available for the claims herein.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

14.   On August 27, 2012, on or about 2:25 p.m., Plaintiff was standing infront of 615 W. 164st, N.Y. N.Y. not engaged in any criminal activity or identified by anyone as being involved in any illegal activities anywhere prior to, during or after above mentioned time.

15.   At that time N.Y.P.D. officers including defendant ANDRE WILLIAMS who were acting on defendant CITY OF NEW YORK official policies and customs of arresting individuals of African American decent and manufacturing false evidence against individuals on the pretext of being involved in illegal activities to meet "productivity" goals (i.e. arrests quatas), arrested plaintiff under the false pretext of tresspassing while on a public side walk.

16.   On or about 2:35 p.m. of that day plaintiff was forced in to a patrol car and transported to the 33rd precinct in New York county without probable cause or plaintiff's consent by N.Y.P.D. officers and defendant ANDRE WILLIAMS.

17.   On or about 2:50 p.m. of that day plaintiff was confined to a holding cell on the second floor of the 33rd precinct in the detective squad room, adjacent a conference room.

18.   At that time plaintiff observed the defendant ANDRE WILLIAMS and other N.Y.P.D. officer in that conference room conspiring to justify arresting plaintiff for tresspass; in addition to, depriving plaintiff of his constitutional rights.

19.   On or about 4:30 p.m. defendant ANDRE WILLIAMS forwarded false information to the New York County District Attorney's Office about Plaintiff's arrest to obtain a search warrant for plaintiff's automobile, in which defendant

ANDRE WILLIAMS and other officers previously searched pursuant to defendant CITY OF NEW YORK customs and policies of illegally search individuals persons and property without probable cause or warrants.

20.     On August 28, 2012, on or about 3:30 p.m. while still being confined to the 33rd detective squad holding cell, plaintiff observed defendant ANDRE WILLIAMS and other officers engaged in a phone conference with defendants CYRUS VANCE, JR., and ERICA O'BRIEN in which defendants CYRUS VANCE, JR. and ERICA O'BRIEN advised and instructed defendant ANDRE WILLIAMS to falsify a search affidavit for plaintiff's automobile to justify the illegal search the day before.

21.     Defendants CYRUS VANCE JR., ERICA O'BRIEN, ANDRE WILLIAMS and N.Y.P.D. officers went on to conspire to search plaintiff's apartment without a valid warrant. Defendants CYRUS VANCE, JR. and ERICA O'BRIEN told defendants ANDRE WILLIAMS and other N.Y.P.D. officers it was o.k. to search plaintiff's apartment in which the officers agreed and did so on or about 5:00 p.m. of that day.

22.     On or about 8:30 p.m. of that day plaintiff observed defendants CYRUS VANCE, JR., ERICA O'BRIEN and ANDRE WILLIAMS engage in speaker phone conversations in which defendants conspired to falsify a search affidavit alleging that plaintiff was involved in a drug buy and bust operation and that drugs and a gun was in plaintiff's apartment to justify the illegal search.

23.     Defendants knew of the false information and plaintiff was confined in the 33rd precinct for over 36 hours.

24.     Defendant ANDRE WILLIAMS informed defendants CYRUS VANCE, JR, and ERICA O'BRIEN that he and fellow N.Y.P.D. officers removed plaintiff's property from his apartment consisting of jewelry, electronics, papers and miscellaneous items.

25.     Defendant ERICA O'BRIEN was aware that plaintiff was not in possession of stolen property. ERICA O'BRIEN instructed defendant ANDRE WILLIAMS and another officer to draft a false documents stating that a laptop and other items were recovered from plaintiff's apartment and to forward them to the New York County District Attorney's Office.

26.     Defendant CYRUS VANCE, JR added that Defendant ANDRE WILLIAMS can draw up a complaint for attempted burglary to justify the illegal arrest for trespass the day before and arrest plaintiff again.

27.     Defendants CYRUS VANCE, JR and ERICA O'BRIEN further advised and conspired with defendant ANDRE WILLIAMS to deprive plaintiff of his constitutional rights to a fair trial, initiate false proceedings, deprive plaintiff of liberty by taking overt steps to falsify testimony, documents, and evidence to be forwarded to the New York County District Attorney's Office and the New York County Courts, to deprive plaintiff of his constitutional rights thru an agreement on defendant's part, to commit abuse of process.

28.     On August 29, 2012 on or about 11:00 a.m., defendants CYRUS VANCE, JR., ERICA O'BRIEN and ANDRE WILLIAMS caused plaintiff to be arraigned on the false charge of attempted burglary knowing they had no arguably or just probable cause that proceedings against plaintiff could succeed.

29.     The court set bail at $40,000 and confined plaintiff to the New York City Department of Corrections because plaintiff could not pay.

30.     On August 31, 2012, on or about 4:30 p.m. plaintiff was released on his own recognizance in the New York County Criminal Court and arrested by N.Y.P.D. officers at the behest of defendants CYRUS VANCE, JR. and ERICA O'BRIEN.

31.     Plaintiff was again forced back without consent to the 33rd precinct and confined to the detective squad room holding cell.

32.     On or about 8:00 p.m. plaintiff observed defendants ANDRE WILLIAMS and ERICA O'BRIEN engaged in speaker phone conversations in which the defendants conspired to falsify documents and a felony complaint to charge plaintiff with possession of stolen property alleging that a complainant not mentioned in their false search affidavit was called in and identified plaintiff's laptop as belonging to his daughter to iniate another false proceeding against plaintiff.

33.     On or about 10:00 p.m. defendant ANDRE WILLIAMS and another N.Y.P.D. officer transferred plaintiff to the Bronx County Criminal Court to be arraigned on the false charge of possession of stolen property.

34.     On September 1, 2012, plaintiff was arraigned and released on the false charge and ordered not to leave the state and was required to make at least eight more appearances on both the false charges intiated by defendants CYRUS VANCE, JR., ERICA O'BRIEN and ANDRE WILLIAMS.

35.     On September 16, 2012, plaintiff filed a complaint with the New York Police Department Internal Affairs Bureau (complaint #C12-0656) about defendant ANDRE WILLIAMS and other N.Y.P.D. officers misconduct with defendants CYRUS VANCE, JR. and ERICA O'BRIEN. Neither has the Bureau or defendant CITY OF NEW YORK took any investigative steps or disciplinary actions against defendants.

36.     On or about March 11, 2013 defendants ERICA O'BRIEN and CYRUS VANCE, JR. claim a grand jury proceeding took place in which they called defendant ANDRE WILLIAMS as a witness to the August 27,

2012 incident.

37.    Defendant ANDRE WILLIAMS gave false testimony that he investigated an alleged burglary on June 5, 2012 and recovered a laptop and showed it to a complaining witness. The witness claimed an apple laptop was taken from his home not a mac book pro which was seized from plaintiff's apartment.

38.    On or about March 12, 2013, defendants CYRUS VANCE, JR and ERICA O'BRIEN called another N.Y.P.D. officer before an alleged grand jury to falsify testimony about taking text messages out of plaintiff's cell phone. Defendant ERICA O'BRIEN drafted a false compilation of the alleged text and showed them to the grand jury as if she personally engaged in them.

39.    On or about March 13, 2013 the false charge of attempted burglary was dismissed and sealed in plaintiff's favor.

40.    On that day plaintiff went to the New York County District Attorney's Office and demanded the release of plaintiff's property taken from his persons, car and apartment. The defendants CYRUS VANCE, JR. and ERICA O'BRIEN refused.

41.    Plaintiff threatened to sue defendants and file complaints, in which plaintiff did the following day with the First Judicial Department Disciplinary Committee.

42.    On March 25, 2013, the defendants CYRUS VANCE, JR. conspired with ERICA O'BRIEN to deprive the plaintiff of his constitutional rights and commit abuse of process for the sole purpose of retaliating against plaintiff for filing complaints against them and to protect themselves from future law suits and loss of their jobs.

43.    On that date the defendants manufactured a fraudulent indictment to charge plaintiff with six burglaries in the county of New York.

44.    The defendants CYRUS VANCE, JR and ERICA O'BRIEN took further overt steps to maliciously prosecute plaintiff by acting as pseudo complaining witnesses and filed the false indictment with a court clerk.

45.    The court clerk without authority issued an unauthorized nonexistant grand jury warrant without a judge's permission causing plaintiff to be arrested in another state on May 15, 2013.

46.    On or about June 13, 2013, plaintiff was returned to New York County Supreme Court, Part 32 on the illegal warrant.

47.    The defendants CYRUS VANCE, JR. and ERICA O'BRIEN appeared on that date and continued to commit fraud on the court by alleging that a grand jury indicted plaintiff.

48.    The defendants knew they were acting outside of their jurisdiction and that no court impaneled a grand jury to vote on the bogus charges the defendants manufactured in their false indictment.

49.    On or about August of 2013, the defendants CYRUS VANCE, JR. and ERICA O'BRIEN further mislead the court by submitting defendant ANDRE WILLIAMS false testimony grand jury minutes from the previous case that was dismissed and sealed, causing the court and plaintiff to believe that a grand jury had in fact indicted plaintiff on the false charges manufacture in the fraudulent indictment filed by the defendants.

50.    On or about March 20, 2014, defendants CYRUS VANCE, JR., and ERICA O'BRIEN called defendant ANDRE WILLIAMS and another N.Y.P.D. officer to give false testimony in a pretrial suppression hearing to continue the malicious prosecution against plaintiff.

51.    On September 14, 2014 the malicious prosecution for stolen

property iniated on August 31, 2012 by defendant ANDRE WILLIAMS and another N.Y.P.D. officer at the behest of defendants CYRUS VANCE, JR and ERICA O'BRIEN was dismissed and sealed in plaintiff's favor.

52.   On October 13, 2015 defendant CYRUS VANCE, JR and his assistant called defendant ANDRE WILLIAMS to give false testimony to a jury in an attempt to deprive plaintiff of a fair trial.

53.   The defendant ANDRE WILLIAMS mislead the jury by alleging that he searched plaintiff's home with a valid search warrant and recovered property belonging to complainants in his burglary investigation.

54.   The defendants CYRUS VANCE, JR, his assistant and ANDRE WILLIAMS tampered with alleged evidence by openning an evidence bag and altering a bag belonging to plaintiff's girlfriend by scribbling pen marks to make it appear similar to a complaining victims to influence the jury's decision.

55.   On October 15, 2015, a jury found plaintiff not guilty of an alleged burglary on June 5, 2012 in which the defendants CYRUS VANCE, JR., ERICA O'BRIEN and ANDRE WILLIAMS manufactured false testimony, statements, evidence and documents to maliciously prosecute plaintiff.

56.   At no time prior to or during the above events was there arguably or probable cause to arrest plaintiff and initiate proceedings against plaintiff, nor did defendants have objective reasonable belief that their actions were lawful.

57.   The defendant ANDRE WILLIAMS intentionally and deliberately gave false statements and/or failed to file accurate or corrective, or

otherwise failed to report the conduct of other officers and the defendants CYRUS VANCE, JR. and ERICA O'BRIEN'S misconduct herein as required.

58.    The defendants CYRUS VANCE, JR. and ERICA O'BRIEN intentionally and deliberately engaged in abuse of process, falsified documents, statements and/or failed to report accurate or corrective statements, or otherwise failed to report the conduct of all defendants who engaged in misconduct described herein as required.

59.    The defendant CITY OF NEW YORK, as a matter of custom, policy and practice, has with deliberate indifference failed to sanction or discipline police officers including defendant ANDRE WILLIAMS or take actions against defendants CYRUS VANCE, JR. and ERICA O'BRIEN for prosecutorial misconduct in this case and others, who are aware of and subsequently conceal violations of the constitutional rights of citizens by the officers and prosecutors in its jurisdiction, thereby causing and encouraging unlawful misconduct contributing to plaintiff's injuries.

60.    The false arrest, wrongful imprisonment, post deprivation of liberty, and malicious prosecution and denial of a fair trial of and for plaintiff because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

61.    The actions of all defendants, acting under color of state law, deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States.

62.    By these actions, defendants have deprived plaintiff of rights secured by the U.S. Constitution's Fourth, Fifth, Sixth and Fourteenth Amendments, in violation of 42 U.S.C. § 1983.

63.    This action was commenced within the statute of limitation after the happening of the events upon which the claims are based.

AS A FIRST CAUSE OF ACTION: AGAINST DEFENDANTS CYRUS VANCE, JR., ERICA O'BRIEN AND ANDRE WILLIAMS: MALICIOUS PROSECUTION: UNDER 42 U.S.C. §1983 / NEW YORK STATE LAW

64.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 63 of this complaint as though fully set forth herein.

65.    The commencement and continued prosecution of the illegal judicial proceeding against plaintiff, including the arrest, imprisonment, post deprivation of liberty, and false charges against plaintiff and denial of a fair trial were committed by or at the behest of defendants CYRUS VANCE, JR., ERICA O'BRIEN and ANDRE WILLIAMS without probable cause or legal authority to do so, was with malice.

66.    The defendant ANDRE WILLIAMS acting in and outside of his official capacity was directly involved in the initiation of criminal proceedings against the plaintiff.

67.    The defendants CYRUS VANCE, JR., and ERICA O'BRIEN acting in concert, without jurisdiction or authority of law acted outside of their official capacities and was directly involved in the iniattion of criminal proceedings against the plaintiff.

68.    All of the above defendants lacked probable cause to iniate criminal proceedings against the plaintiff

69.    All of the above defendants lacked probable cause and jurisdiction in continuing criminal proceedings against the plaintiff.

70.    All of the above defendants acted with malice in continuing

Criminal proceedings against the plaintiff.

71. The defendant ANDRE WILLIAMS misrepresented and falsified evidence throughout all phases of the criminal proceeding.

72. The defendants CYRUS VANCE, JR. and ERICA O'BRIEN misrepresented and falsified documents to be presented in a court of law in continuing the criminal proceeding.

73. The defendant ANDRE WILLIAMS misrepresented and falsified evidence to the New York County District Attorney's Office.

74. The defendants CYRUS VANCE, JR., and ERICA O'BRIEN manufactured a fraudulent indictment and misrepresented it to a court clerk in New York County Supreme Court.

75. The defendant ANDRE WILLIAMS with held exculpator evidence from prosecutors in the New York County D.A.'s Office.

76. The defendants CYRUS VANCE, JR. and ERICA O'BRIEN with held facts that plaintiff did not commit alleged offenses was not charged in felony complaints and never indicted by a grand jury.

77. The defendant ANDRE WILLIAMS did not make a complete statement of facts to the prosecutors in the New York County D.A's office.

78. The defendants CYRUS VANCE, JR. and ERICA O'BRIEN did not make a complete statement of facts in the Supreme Court in the county of New York.

79. The criminal judicial proceeding iniated against plaintiff on August 31, 2012 was dismissed and sealed on September 11, 2014 in plaintiff's favor.

80. The criminal judicial proceeding iniated against plaintiff on March 25, 2013 ended in an aquittal and terminated in plaintiff's favor.

81. The arrest, imprisonment, post deprivation of liberty, denial of a fair trial of and for planiff were malicious and unlawful, because plaintiff had committed no crime and there was no probable cause to believe that plaintiff had committed any crimes.

82. All of the above defendants actions were intentional, unwarranted and in violation of the law. The defendants had full knowledge that the charges made before the court against plaintiff were false and untrue.

83. In addition, all of the above defendants conspired amongst themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. § 1983 and 1985, the Fourth, Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

84. The defendant ANDRE WILLIAMS acted under pretense and color of state law in his individual and official capacities and outside the scope of employment as an employee of defendant CITY OF NEW YORK. Said acts of defendant were beyond the scope of his jurisdiction, without authority of law, and in abuse of process and of his powers, said defendant acted willfully, knowingly, and with specific intent to deprive the plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, the Fourth, Fifth, Sixth and Fourteenth Amendments of the U.S. Constitution.

85. The defendants CYRUS VANCE, JR., and ERICA O'BRIEN acted under pretense and color of state law, outside of their official capacities as employees of the State. The defendants actions were beyond the scope of their jurisdiction, without authority of law, in abuse of process and their powers, defendants acted willfully,

knowingly, and with the specific intent to deprive the plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, the Fourth, Fifth, Sixth, and Fourteenth Amendments of the U.S. Constitution.

86.     As a consequence of the malicious prosecution by all of the above defendants, plaintiff has suffered a significant loss of liberty, humiliation, mental anguish, depression, and violation of his civil rights.

87.     Plaintiff hereby demands compensatory, exemplary, nominal and punitive damages, in the amount of $400,000.00 or an amount to be determined at trial, against the defendant ANDRE WILLIAMS in his individual, official and personal capacity.

88.     Plaintiff hereby demands compensator, exemplary, equitable relief ordering defendant to return plaintiff property or payment reimbursement of said property, nominal and punitive damages, in the amount of $1,500,000.00 or an amount to be determined at trial against the defendant CYRUS VANCE, JR., in his individual and personal capacity.

89.     Plaintiff hereby demands equitable relief ordering defendant to return plaintiff's property or payment reimbursement of said property, compensatory, exemplary, nominal and punitive damages, in the amount of $500,000.00 or an amount to be determined at trial, against the defendant ERICA O'BRIEN, in her individual and personal capacity.

AS A SECOND CAUSE OF ACTION: ABUSE OF PROCESS UNDER 42 U.S.C. § 1983 / NEW YORK STATE LAW: AGAINST DEFENDANTS CYRUS VANCE, JR., ERICA O'BRIEN AND ANDRE WILLIAMS.

90.     By this reference, I incorporate each and every allegation and averment set forth in paragraphs 1 through 89 of this complaint

as though fully set forth herein.

91.    All of the above defendants were directly involved in employing regularly issued legal process to compel performance or forbearance of some act against plaintiff, with the intent to harm plaintiff without excuse or justification, and in order to obtain a collateral objective that is outside the legitimate ends of process.

92.    The defendant ANDRE WILLIAMS without probable cause and with malice employed the criminal process against the plaintiff, by having plaintiff arraigned on false charges.

93.    The defendant ANDRE WILLIAMS cause plaintiff to be held in custody as a result of the arraignments.

94.    The defendant ANDRE WILLIAMS intended to fabricate false charges to save his job and satisfy the defendant CITY OF NEW YORK customs and policies.

95.    The defendants CYRUS VANCE, JR. and ERICA O'BRIEN without probable cause and with malice employed the criminal process against the plaintiff by having plaintiff arraigned on a fraud indictment manufactured by them, and prior fraudulent charges.

96.    The defendants CYRUS VANCE, JR., and ERICA O'BRIEN caused plaintiff to be held in custody as a result of the arraignments.

97.    The defendants CYRUS VANCE, JR and ERICA O'BRIEN intended to fabricate false charges and an indictment as retribution for filing complaints against them and to prevent future law suits from plaintiff and to safe guard their jobs.

98.    All of the above defendants acted under pretense and color of state law, outside of their official capacities. The defendants' actions were beyond the scope of their jurisdictions, without authority of law, in

abuse of process and their powers, defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his rights secured by 42 U.S.C. § 1983, the Fourth, Fifth, Sixth and Fourteenth Amendments of the U.S. Constitution.

99.    As a consequence of the malicious abuse of process by all of the above defendants, plaintiff has been injured, suffered a significant loss of liberty, humiliation, mental anguish, depression, and violation of his civil rights.

100.    Plaintiff hereby demands compensatory, exemplary, nominal, and punitive damages in the amount of $400,000.00 or an amount to be determined at trial, against the defendant ANDRE WILLIAMS in his individual, official and personal capacity.

101.    Plaintiff hereby demands equitable relief ordering defendant to return plaintiff's property or payment reimbursement of said property, compensatory, exemplary, nominal and punitive damages in the amount of $1,500,000.00 or an amount to be determined at trial, against the defendant CYRUS VANCE, JR., in his individual and personal capacity.

102.    Plaintiff hereby demands equitable relief ordering defendant to return plaintiff's property or payment reimbursment of said property, compensatory, exemplary, nominal and punitive damages in the amount of $500,000.00 or an amount to be determined at trial against the defendant ERICA O'BRIEN, in her individual and personal capacity.

AS A THIRD CAUSE OF ACTION: AGAINST DEFENDANTS CYRUS VANCE, JR., ERICA O'BRIEN AND ANDRE WILLIAMS: DENIAL OF A RIGHT TO A FAIR TRIAL UNDER 42 U.S.C. § 1983/ STATE LAW

103    By this reference, plaintiff incorporates each and every

allegation and averment set forth in paragraphs 1 through 102 of this complaint as though fully set forth herein.

104.   The defendants ANDRE WILLIAMS, ERICA O'BRIEN and CYRUS VANCE, JR. were acting investigative officials in the malicious prosecutions initiated August 31, 2012 and March 25, 2013.

105.   All of the above defendants fabricated documents, testimony and evidence to influence a jury's decision.

106.   The defendant ANDRE WILLIAMS forwarded false documents, statements, and evidence to the New York County D.A.'s Office at the instructions, advice and behest of defendants CYRUS VANCE, JR. and ERICA O'BRIEN.

107.   The defendants CYRUS VANCE, JR. and ERICA O'BRIEN manufactured a fraud indictment and other documents and presented them to a court to influence a jury's decision.

108.   The plaintiff suffered a deprivation of liberty as a result of the above defendants' misconduct.

109.   All of the above defendants were directly involved in the initiation of the false criminal proceedings against the plaintiff.

110.   All of the above defendants misrepresented and falsified documents and evidence throughout all phases of the false criminal proceedings.

111.   The defendants CYRUS VANCE, JR. and ERICA O'BRIEN acted as pseudo complaining witness by filing a fraudulent indictment to initiate criminal proceedings against the plaintiff.

112.   By creating false documents, statements and evidence against the plaintiff; forwarding false documents, statements and evidence to prosecutors and courts throughout the entire criminal proceeding and trial, each defendant violated the plaintiff's constitutional rights to a fair trial under the Due Process Clause of the Fifth, Sixth,

and Fourteenth Amendments to the U.S. Constitution, 42 U.S.C. § 1983.

113.    As a consequence of the denial of a right to a fair trial by the above defendants, plaintiff has been injured, suffered a significant loss of liberty, humiliation, mental anguish, depression, and violation of his civil rights.

114.    Plaintiff hereby demands compensatory, exemplary, nominal, and punitive damages in the amount of $400,000.00 or an amount to be determined at trial, against the defendant ANDRE WILLIAMS in his individual, official, and personal capacity.

115.    Plaintiff hereby demands equitable relief ordering defendant to return plaintiff's property or payment reimbursement of said property, compensatory, exemplary, nominal and punitive damages in the amount of $1,500,000.00 or an amount to be determined at trial, against the defendant CYRUS VANCE, JR. in his individual and personal capacity.

116.    Plaintiff hereby demands equitable relief ordering defendant to return plaintiff's property or payment reimbursement of said property, compensatory, exemplary, nominal and punitive damages in the amount of $500,000.00 or an amount to be determined at trial against the defendant ERICA O'BRIEN, in her individual and personal capacity.

AS A FOURTH CAUSE OF ACTION: AGAINST DEFENDANTS CYRUS VANCE, JR., ERICA O'BRIEN AND ANDRE WILLIAMS: CONSPIRACY UNDER 42 U.S.C. § 1983, 1985 / NEW YORK STATE LAW

117.    By this reference, I incorporate each and every allegation and averment set forth in paragraphs 1 through 116 of this complaint as though fully set forth herein.

118. Defendant ANDRE WILLIAMS of the New York City Police Department conspired with defendants CYRUS VANCE, JR. and ERICA O'BRIEN of the New York County District Attorney's Office and agreed individually and in concert to falsify statements, documents, testimony, affidavits, evidence and information to be forwarded to the New York County District Attorney's Office and to be presented in a New York County Supreme Court on the dates of August 28, 2012, August 31, 2012 and March 25, 2013;

119. The above defendants took overt steps on August 31, 2012 to falsify a felony complaint and arrest plaintiff on false charges, knowing the allegations were not true.

120. On March 25, 2013 defendants CYRUS VANCE, JR. and ERICA O'BRIEN conspired amongst themselves and agreed to fabricate a fraud indictment against plaintiff.

121. The defendants CYRUS VANCE, JR. and ERICA O'BRIEN took overt steps to initiate false proceedings by filing the fraud indictment with a county court clerk.

122. The defendants CYRUS VANCE, JR. and ERICA O'BRIEN conspired with defendant ANDRE WILLIAMS to arrest plaintiff on June 12, 2013 on the false charges in the fraud indictment to cover up the fraudulent act of filing a fraud indictment.

123. On October 13, 2015, all of the above defendants conspired to tamper with alleged evidence to deprive plaintiff of a fair trial.

124. Defendants agreed to and altered evidence at plaintiff's trial to influence a jury's verdict.

125. All of the above defendants agreed individually and in concert to deprive plaintiff of his rights and took overt steps to do so

between August 27, 2012 and October 15, 2015, willfully, knowingly, intentionally, with malice to violate plaintiff's rights secured by 42 U.S.C. § 1983; the Fourth, Fifth, Sixth, and Fourteenth Amendments of the U.S. Constitution.

126.    All of the above defendants acted under color of state law, outside of their official capacities. Defendants actions were beyond the scope of jurisdiction, without authority, and in abuse of process and their powers, defendants acted with specific intent to deprive plaintiff of his rights

127.    As a consequence of the conspiracy perpetrated by the above defendants, plaintiff has been injured, suffered a significant loss of liberty, humiliation, mental anguish, depression, and violation of his civil rights.

128.    Plaintiff hereby demands compensatory, exemplary, nominal and punitive damages in the amount $400,000.00 or an amount to be determined at trial against the defendant ANDRE WILLIAMS, in his individual, official and personal capacity.

129.    Plaintiff hereby demands equitable relief ordering defendant to return plaintiff's property or payment reimbursement of said property, compensatory, exemplary, nominal, and punitive damages in the amount of $1,500,000.00 or an amount to be determined at trial, against the defendant CYRUS VANCE, JR. in his individual and personal capacity.

130.    Plaintiff hereby demands equitable relief ordering defendant to return plaintiff's property or payment reimbursement of said property, compensatory, exemplary, nominal, and punitive damages in the amount of $500,000.00 or an amount to be determined at trial, against the defendant ERICA O'BRIEN, in her individual and personal capacity.

AS A FIFTH CAUSE OF ACTION: AGAINST DEFENDANTS CYRUS VANCE, JR., ERICA O'BRIEN AND ANDRE WILLIAMS, CITY OF NEW YORK: FAILURE TO INTERVENE UNDER 42 U.S.C. § 1983 / LIABILITY UNDER 42 U.S.C. § 1986 / NEW YORK STATE LAW

131.   By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 130 of this complaint as though fully set forth herein.

132.   All of the above defendants had an affirmative duty to intervene on plaintiff's behalf to prevent the injuries and violations to plaintiff's Fourth, Fifth, Sixth and Fourteenth Amendment rights of the U.S. Constitution, despite having a realistic and reasonable opportunity to do so.

133.   Defendant ANDRE WILLIAMS had knowledge of all wrongs conspired to by fellow officers, the defendants CYRUS VANCE, JR., ERICA O'BRIEN and CITY OF NEW YORK, to deprive plaintiff of his constitutional rights through their misconduct mentioned in this complaint. He had the power to prevent the commission of said acts, but instead neglected and refuse to do so, which such person by reasonable diligence could have prevented, and thus this defendant is liable to plaintiff for damages.

134.   The defendant ANDRE WILLIAMS was the actual agent of the defendant CITY OF NEW YORK and was following the customs, practices, policies, ordinances and regulations of the defendant CITY OF NEW YORK when he violated the plaintiff's rights, thus defendant CITY OF NEW YORK is responsible for his acts and liable to plaintiff for damages.

135.   Defendant CYRUS VANCE, JR. had knowledge of all wrongs conspired

to by defendants CITY OF NEW YORK, ANDRE WILLIAMS and ERICA O'BRIEN, to deprive plaintiff of his constitutional rights through their misconduct mentioned in this complaint. He had the power to prevent the commission of said acts, but instead neglected and refused to do so, which such person by reasonable diligence could have prevented, and thus this defendant is liable to plaintiff for damages.

136. Defendant ERICA O'BRIEN had knowledge of all wrongs conspired to by defendants CITY OF NEW YORK, CYRUS VANCE, JR., and ANDRE WILLIAMS, to deprive plaintiff of his constitutional rights through their misconduct mentioned in this complaint. She had the power to prevent the commission of said acts, but instead neglected and refused to do so, which such person by reasonable diligence could have prevented, and thus this defendant is liable to plaintiff for damages.

137. The defendant CITY OF NEW YORK had knowledge of all wrongs committed by all of the above named defendants, to deprive plaintiff of his constitutional rights through their misconduct mentioned in this complaint. It had the power to prevent the commission of said acts, but instead neglected and refused to do so, which such person by reasonable diligence could have prevented, and thus this defendant is liable to plaintiff for damages.

138. As a consequence of all of the above defendants failure to intervene, plaintiff has been injured, suffered a significant loss of liberty, humiliation, mental anguish, depression, and violation of his civil rights.

139. Plaintiff hereby demands compensatory, exemplary, nominal and punitive damages in the amount of $400,000.00 or an amount to be determined at trial against the defendant ANDRE WILLIAM, in his individual, official and personal capacity,

140. Plaintiff hereby demands equitable relief ordering defendant

to return plaintiff's property or payment reimbursement of said property, compensatory, exemplary, nominal, and punitive damages in the amount of $1,500,000.00 or an amount to be determined at trial, against the defendant CYRUS VANCE, JR., in his individual and personal capacity.

141.   Plaintiff hereby demands equitable relief ordering defendant to return plaintiff's property or payment reimbursement of said property, compensatory, exemplary, nominal, and punitive damages in the amount of $500,000.00 or an amount to be determined at trial, against the defendant ERICA O'BRIEN in her individual and personal capacity.

142.   Plaintiff hereby demands compensatory, exemplary, nominal, and punitive damages in the amount of $3,000,000.00 or an amount to be determined at trial against CITY OF NEW YORK in its individual and official capacity.

AS A SIXTH CAUSE OF ACTION: AGAINST THE DEFENDANT CITY OF NEW YORK: MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

143.   By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 142 of this complaint as though fully set forth herein.

144.   The defendants ANDRE WILLIAMS, CYRUS VANCE, JR. and ERICA O'BRIEN were actual agents of the defendant CITY OF NEW YORK and were following the customs, policies, practices, ordinances and regulations of the CITY OF NEW YORK when they violated the plaintiff's constitutional civil rights, and the CITY OF NEW YORK is therefore responsible for their acts, and liable to the plaintiff for damages.

145.   The aforementioned customs, policies, practices, ordinances and

regulations of the CITY OF NEW YORK and it's police department and New York District Attorney's Office include, but are not limited to the following unconstitutional practices:

a. Wrongfully arresting individuals on the pretext that they are/were involved in illegal vice transactions;

b. manufacturing evidence against individuals allegedly involved in illegal vice transactions;

c. unlawfully searching detainees and/or their property in the absence of any reasonable suspicion that individuals were concealing weapons or contraband;

d. arresting innocent persons in order to meet "productivity" goals (i.e. arrest quotas); and

e. wrongfully and unreasonably brutalizing innocent members of the public, despite the lack of probable cause to do so.

146. The defendants ANDRE WILLIAMS, CYRUS VANCE, JR. and ERICA O'BRIEN following defendants CITY OF NEW YORK custom, policies, etc... deprived the plaintiff of his civil and constitutional rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution by conspiring to and actually illegally arresting plaintiff, unlawfully imprisoning plaintiff, maliciously abusing process and prosecuting plaintiff, failing to intervene, and deny plaintiff a fair trial.

147. The defendant CITY OF NEW YORK has a principal/agent relationship between defendants ANDRE WILLIAMS, CYRUS VANCE JR. and ERICA O'BRIEN thru the fact they were employees and interested parties of the CITY OF NEW YORK, thus the defendant CITY OF NEW YORK is liable for damages.

148. Plaintiff hereby demands compensatory, exemplary, nominal, and punitive damages in the amount of $3,000,000.00 or an amount to be

determined at trial against the defendant CITY OF NEW YORK in its individual and official capacity.

## RELIEF

WHEREFORE, plaintiff prays for judgment in his favor against all defendants for relief and damages in an amount sufficent to punish and compesate plaintiff for his injuries in no event less than $1,000,000.00 and for; compensatory, exemplary, equitable, nominal, and punitive damages against all defendants in an amount to be proven at trial and for other and further relief the court deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct on this 10th day of August, 2017. I have signed and placed this complaint and copies of in the custody of Clinton Annex Correctional Officials to be mailed to the Pro Se Office of the United States Court for the Southern District of New York and all defendants listed in this complaint.

Anthony Blue, Plaintiff
#15A4723
Clinton Annex Corr. Facility
P.O. Box 2002
Dannemora, N.Y. 12929

Anthony Blue
#15A4723
Clinton Annex Corr. Facility
P.O. Box 2002
Dannemora, N.Y. 12929

USM3
SDNY

2017 AUG 15  AM 10:37

United States District Court
Southern District of New York
Pro Se Office, Rm. 230
500 Pearl Street
New York, N.Y. 10007

Correctional Facility

Clinton

NEOPOST
08/11/2017
US POSTAGE $001.33°

ZIP 12929
041M11274422